THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WALTER SMITH, Defendant-Appellant.

Second District No. 81—974

Opinion filed November 12, 1982.

G. Joseph Weller and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant was charged by information with the offense of theft (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(a)(1)), which was a Class 4 felony because the information also alleged previous theft convictions (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e)(1)). The trial court entered judgment on the defendant's guilty plea and sentenced the defendant to the maximum term of three years with the Department of Corrections. On appeal, the defendant contends that the three-year sentence is excessive and that, when determining the defendant's sentence, the trial court improperly considered the fact that defendant received a two-year term of imprisonment for a prior theft conviction. The defendant requests that his sentence be reduced or in the alternative that the cause be remanded to the trial court for a new sentencing hearing.

We first address defendant's contention that the trial court improperly considered the defendant's previous two-year sentence. Twice during the sentencing hearing, the trial judge referred to a two-year sentence the defendant had received in 1979. When referring to this earlier prison term, the trial court emphasized that the defendant was paroled after serving less than a year of the two-year term and that within a few months thereafter the defendant was arrested on the instant charges. After referring to this earlier sentence, the trial judge stated that when imposing a sentence in the present case, it would not "make any sense" and it would not be "reasonable" to impose a lesser sentence than the one the defendant received in 1979.

The defendant asserts that these comments indicate that the trial judge imposed the three-year sentence because he erroneously believed that he was compelled to impose a higher sentence than that which was imposed in 1979. The defendant concludes that the trial court erred in basing the sentence, not on the facts and circumstances of the case, but on the length of a prior prison sentence. The defendant characterizes the length of the earlier prison sentence as an extraneous and arbitrary factor.

The defendant cites *People v. Short* (1978), 66 Ill. App. 3d 172, as authority for this position. In *Short*, the reviewing court vacated the defendants' sentences on the ground that the trial court had heard incompetent and irrelevant testimony. During the sentencing hearing in *Short*, the trial court heard testimony from the victims and from members of the community as to what would be appropriate sentences for the defendants. In vacating the sentences, the reviewing court stated that the trial court erred in considering this opinion testi-

mony which was incompetent evidence for a sentencing hearing. The defendant asserts that the consideration of the opinion testimony in *Short* is analogous to this trial court's consideration of the length of the defendant's 1979 sentence also imposed on a charge of theft.

■ In this case, unlike *Short*, the trial court did not hear incompetent opinion testimony. At first reading, the trial court's statements concerning the length of the earlier sentence do seem to indicate that the trial judge considered it to be an opinion of an appropriate sentence for this case. However, the trial court considered not only the length of the prior sentence, but also noted that within a few months after being paroled from the previous two-year sentence the defendant committed the instant offense. When read in context with the trial judge's other remarks, it is apparent that he did not consider it as an opinion of the appropriate sentence. In this case, the trial court considered the two-year term not as a measuring tool or as a limitation on the sentencing alternatives, but rather as an indication that a two-year sentence had little or no effect on the defendant's rehabilitation. Consideration of those factors which indicate the defendant's rehabilitative potential is proper. (*People v. Ward* (1980), 80 Ill. App. 3d 253, 259.) As was stated in *People v. Short* (1978), 66 Ill. App. 3d 172, 180, during a sentencing hearing the trial court may "inquire into the defendant's general moral character, mentality, habits, social environment, etc." The judge's consideration of the prior sentence in light of its effectiveness as a deterrent to further criminal behavior and his subsequent behavior on parole was merely a proper inquiry into his moral character and rehabilitative potential.

Next, the defendant contends that the three-year sentence is excessive and should be vacated. The scope of review of sentences is limited. Where, as in this case, the sentence imposed is within the statutory limits, the standard of review is whether the trial court has abused its discretion. (*People v. Shumate* (1981), 94 Ill. App. 3d 478, 484.) Absent such an abuse of discretion, a court of review should not upset the sentence imposed by the trial court. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153.) A sentence must, however, be proportioned to the nature of the offense and it must also measure the possibilities for rehabilitation. (*People v. Shumate* (1981), 94 Ill. App. 3d 478, 484-85.) An abuse of discretion will be found to exist if the sentence imposed is greatly disproportionate to the nature of the crime. *People v. Smith* (1980), 81 Ill. App. 3d 764, 774.

The defendant asserts that the three-year sentence is disproportionate and bears no reasonable relationship to the theft of one bottle of liquor valued at less than $150; therefore, the sentence is excessive

and must be vacated. (*People v. Odom* (1980), 82 Ill. App. 3d 853.) If the defendant had been charged only with the theft of the bottle of liquor, the sentence would not only be disproportionate to the offense, it would be in excess of the statutory maximum term. The maximum sentence for the Class A misdemeanor of theft of an item valued at less than $150 (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e)(1)) is any term less than a year imprisonment (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—3(a)(1)). The information, however, charged the defendant, not only with the theft of a bottle of liquor, but it also charged that the defendant had previously been convicted of theft. A subsequent offense, after a conviction of any type of theft, including retail theft, is a Class 4 felony (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e)(1)) punishable by one to three years imprisonment (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(7)).

Here, the defendant was charged under the Class 4 felony provision; therefore, when considering the nature of the offense, the trial judge was required to look at not only the act of theft as charged, but he must also look at the fact that prior theft[s] had been committed by the defendant. The issue is not whether the sentence was disproportionate to the mere theft of a bottle of liquor, but whether the sentence was disproportionate to the theft of a bottle of liquor by a person with a history of theft convictions.

In *People v. Odom* (1980), 82 Ill. App. 3d 853, 855, the defendant received a 364-day sentence, the maximum sentence, for criminal trespass to property. The defendant was found guilty of intentionally spraying black paint on his neighbor's freshly painted white picket fence. The court concluded that notwithstanding the defendant's record of 23 misdemeanors and traffic violations and his antisocial attitude, the sentence imposed bore no reasonable relationship to the crime. In vacating the sentence, the appellate court stated that the sentence imposed must bear some relationship to the offense committed and that the relationship between the conduct and the sentence or punishment has to be such as not to bring the system of the administration of criminal justice into serious question, if not disrepute.

We deem *Odom* to be distinguishable from the case at bar. Here, the offense was a felony not a misdemeanor, and an element of the offense was the proof of at least one prior theft conviction. Furthermore, this defendant's record contains numerous felony and misdemeanor convictions, ten of which were for theft. Moreover, a reasoned judgment as to the proper sentence requires the court to consider not only the nature of the offense, but also other factors. As was stated in *People v. Kosanovich* (1979), 69 Ill. App. 3d 748, 751:

"A reasoned judgment as to the proper sentence must be based on the particular circumstances of each individual case. [Citation.] Such a judgment depends on many factors including the defendant's demeanor, general moral character, mentality, social environment, habits, age, inclination to commit crimes and the stimuli which motivated his conduct [citation], in addition to the defendant's past criminal record [citation] and his degree of activity and participation in the crime [citation]. Moreover, both the Illinois Constitution and the design of the Unified Code of Corrections require that penalties be determined not only according to the seriousness of the crime but also according to the rehabilitative potential of the offender with the intent to restore him to useful citizenship. [Citations.]"

In this case, the trial court did balance those factors. The trial judge noted that the defendant was accused of the theft of one bottle of liquor, but also noted that the defendant had an extensive record. The presentence report and its addendum indicated that in the past 20 years the defendant has been convicted of 18 crimes. Of those prior convictions, 10 were for theft, four were for burglary, one was for robbery, and one was for attempt murder. According to the presentence report, the defendant admits to a long and extensive history of drug abuse. At the time of the report, the defendant stated that he was using heroin daily. That report further stated that the defendant was of the opinion that his past criminal involvement was primarily to support his illegal drug use.

■ Here, the sentence imposed is within the statutory limit, and the trial court had before it materials which indicated extensive criminal activities on the part of the defendant. In view of the total circumstances disclosed by the record in this case, the sentence was not excessive. See *People v. Masini* (1979), 78 Ill. 2d 17.

The judgment of conviction and sentence are affirmed.

Affirmed.

SEIDENFELD, P.J., and NASH, J., concur.