THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MANUEL V. BERRY, Defendant-Appellant.

Fifth District   No. 5—85—0047

Opinion filed January 29, 1986.

Randy E. Blue and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Terry M. Green, State's Attorney, of Benton (Kenneth R. Boyle, Stephen E. Norris, and Anne C. Fohne, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

Defendant, Manuel V. Berry, was convicted, following a jury trial in the circuit court of Franklin County of five counts of unlawful delivery of a controlled substance. Defendant was sentenced to four years on one count of delivery of cocaine, and five years on each of four counts of delivery of heroin. The sentences were made consecutive, for a total of 24 years in the Department of Corrections and the defendant was fined $5,000 on each count. On appeal, this court vacated the defendant's sentences on the basis that the trial court had placed great emphasis on the improper aggravating factor that the

defendant received compensation for the drug sales. (*People v. Berry* (1984), 122 Ill. App. 3d 1035, 462 N.E.2d 530.) On remand, the trial court sentenced the defendant to a four-year term of imprisonment on the cocaine sale, and a four-year term on each of the heroin sales, with each term to run consecutively for a total of 20 years. On appeal, the defendant contends (1) that the trial court abused its discretion in sentencing the defendant to five consecutive four-year terms and (2) that the trial court erred in sentencing the defendant to a four-year term of imprisonment on a conviction for selling a Schedule II controlled substance when identical terms were given for sales of a Schedule I controlled substance. We affirm.

■ Defendant's initial contention is that the trial court abused its discretion in sentencing him to five consecutive four-year terms. Defendant appears to suggest that the five offenses were part of the same course of conduct with no change in the nature of the criminal objective, and that accordingly, consecutive sentences were improper. Consecutive terms of imprisonment are appropriate where a defendant's offenses are not committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—4(a).) Defendant is apparently arguing that his various drug deliveries were part of a single course of conduct. The record reveals that in each of the five transactions the same procedure was followed; namely, that the informant phoned the defendant after each transaction and the defendant decided the place and time for the next transaction and no other one. Each controlled buy subsequently occurred at the defendant's designated place and time. The transactions occurred over a period of seven weeks. Additionally, each of the transactions involved either a higher schedule controlled substance and/or a greater amount. In the first transaction, the informant purchased 2½ grams of cocaine, a Schedule II controlled substance. In the second through fifth transactions, the informant purchased 1⅓, 2, 3 and 4 grams, respectively of heroin, a Schedule I controlled substance. Each of these transactions involved distinct deliveries and were not part of a preplanned course of conduct. We find that each of the five offenses were motivated by separate criminal objectives formed sometime after the defendant had completed the first offense and that, accordingly, consecutive terms of imprisonment are appropriate. *People v. Miller* (1983), 115 Ill. App. 3d 592, 450 N.E.2d 767; *People v. Garrett* (1978), 57 Ill. App. 3d 906, 373 N.E.2d 792; *People v. Perruquet* (1983), 118 Ill. App. 3d 293, 454 N.E.2d 1055.

■ ■ Defendant additionally argues that his sentence was exces-

sive in view of his "substantial" rehabilitative potential. A sentence may not be altered on review absent an abuse of discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) From our review of the record, we find that the trial court cannot be said to have abused its discretion. The trial court is the proper forum in which a suitable sentence is to be determined, and the trial court's decision is entitled to great deference and weight. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 492-93, 431 N.E.2d 344, 348-49.) It is well settled that a reviewing court will not substitute its judgment for that of a sentencing court merely because it would have balanced the appropriate factors differently. *People v. Cox* (1980), 82 Ill. 2d 268, 280, 412 N.E.2d 541, 547.

In the case at bar, defendant was convicted of five counts of unlawful delivery of a controlled substance (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(c)), each a Class 2 felony, which is punishable by three to seven years of imprisonment. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(5).) In view of the nature and circumstances of the offenses and the fact that defendant had, within the past 10 years, been convicted of the same felony, the defendant was eligible for an extended-term sentence of up to 14 years on each count. The court could have imposed a sentence of 14 years for each offense to run consecutively for a total of 70 years. (See Ill. Rev. Stat. 1983, ch. 38, pars. 1005—5—3.2(a)(1), (3) and (b)(1); see Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—2(a)(4).) Additionally, considering that the defendant had been convicted of a second offense under the Controlled Substances Act (Ill. Rev. Stat. 1983, ch. 56½, par. 1100 *et seq.*), the court was authorized to impose a term "up to twice the maximum term otherwise authorized." (Ill. Rev. Stat. 1983, ch. 56½, par. 1408.) These severe penalties are authorized by the legislature because it has deemed that offenses involving the unlawful delivery of Schedule I and II controlled substances, which are the most highly toxic substances, as "most damaging to the peace and welfare of the citizens of Illinois." Ill. Rev. Stat. 1983, ch. 56½, par. 1411(a).

The record indicates that the trial court, prior to imposing sentence, thoroughly considered the appropriate factors in aggravation and mitigation, as reflected by the presentence report and by the facts in support of the convictions. Defendant contends that the trial court failed to adequately assess the defendant's rehabilitative potential. This contention is belied by the record, which shows that the court was specifically concerned with this factor, but found, instead, that the defendant's prognosis for rehabilitation was limited because of his age and his prior convictions. The record reveals that on Octo-

ber 18, 1978, the defendant was convicted for unlawful delivery of heroin and sentenced to the Department of Corrections for a period of three years. On May 12, 1981, he was paroled and by August 14, 1981, only three months later, he made his first sale to the informant. He also sold heroin four more times within seven weeks of the first sale. This does not speak well of defendant's "substantial rehabilitative potential." The record also reveals that since his release from prison, defendant failed to find a job and had no visible means of support. This is a proper consideration in fashioning a sentence for the defendant. (Ill. Rev. Stat. 1983, ch. 56½, par. 1411(4).) The evidence at trial also established that the police had information that the defendant was the largest drug distributor in the area. There was also testimony at trial that during one of the drug transactions, the defendant informed the undercover police officer and the informant that if either was working for the police, they would not live to see the defendant's trial.

Defendant claims, as a factor in mitigation, that he has been married to the same woman for over 20 years and has five children and several grandchildren. Defendant, however, failed to note that he and his wife have been separated since 1977 and were in the process of a divorce. Additionally, his wife had been living in East Chicago, Indiana, while the defendant, when not in prison, lived in Mt. Vernon with his mother. Two of the defendant's children support themselves and the other three children live with the defendant's wife.

We find, as did the trial court, that the record reveals that the defendant has limited rehabilitative potential. We have previously upheld consecutive sentences where the record revealed a defendant with a limited rehabilitative potential. (*People v. Garrett* (1978), 57 Ill. App. 3d 906, 373 N.E.2d 792.) In this case, defendant delivered and sold Schedule I and II controlled substances, which have a high potential for abuse. (Ill. Rev. Stat. 1983, ch. 56½, pars. 1203(1), 1205(1).) The legislature has deemed these offenses to be the "most damaging to the peace and welfare of the citizens of Illinois and which warrants the most severe penalties." (Ill. Rev. Stat. 1983, ch. 56½, par. 1411.) We find that defendant's sentence was not an abuse of discretion. *People v. Perruquet* (1983), 118 Ill. App. 3d 293, 454 N.E.2d 1051.

■■ Defendant's second contention on appeal is that the trial court at resentencing abused its discretion when it did not consider the "consequential differences" between the controlled substances involved. Since the court did not acknowledge such differences, the defendant argues that this cause should be remanded for resentencing on count I. The trial court sentenced the defendant "to the Depart-

ment of Corrections as follows: Count I, term of four years; Count II, a term of four years; Count III, a term of four years; Count IV, a term of four years; Count V, a term of four years" to be served consecutively. The court noted that the "illicit use of drugs" is one of the "greatest social problems of our time." It also noted that "four of these offenses deal with Category I substances, being heroin [and] *** Count I, deals with cocaine, which is a Category II substance" and that these drugs are the most dangerous.

Defendant cites *People v. Wagner* (1982), 89 Ill. 2d 308, 433 N.E.2d 267, and *People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029, in support of his argument. We find these cases to be inapposite. In both cases, the defendant challenged the disparity in the penalty sections of the statute. In *Wagner*, the defendant challenged statutes wherein those persons guilty of delivering a substance represented as a controlled substance were punished more severely than a person guilty of delivering the actual controlled substance. In *Bradley*, the defendant challenged the statute wherein those persons who possess a controlled substance are punished more severely than a person who delivers it. In both cases, the court held that the applicable sections of the Controlled Substances Act (Ill. Rev. Stat. 1983, ch. 56½, par. 1100 *et seq.*) were violative of due process because they were not designed to " 'remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare.' " (*People v. Bradley* (1980), 79 Ill. 2d 410, 417, 403 N.E.2d 1029, 1032; *People v. Wagner* (1982), 89 Ill. 2d 308, 310, 433 N.E.2d 267, 270-71.) The facts in issue in the case at bar, however, are quite different from those in *Bradley* and *Wagner*. Defendant in the instant case does not challenge the penalty sections of the statute. In the instant case, the defendant was convicted of five offenses, involving Schedule I and Schedule II controlled substances. The legislative intent regarding all controlled substances is to "acknowledge the functional and consequential differences between the various types of controlled substances and provide for correspondingly different degrees of control over each of the various types." (Ill. Rev. Stat. 1983, ch. 56½, par. 1100(4).) In furtherance of that intent, the legislature classified the various types of controlled substances into five different schedules. (Ill. Rev. Stat. 1983, ch. 56½, pars. 1203 through 1212.) Depending on the type and amount of the drug involved, the person may be guilty of anything from a Class X felony to a Class 3 felony (Ill. Rev. Stat. 1983, ch. 56½, par. 1401).

In the case at bar, the offenses were Class 2 felonies. Class 2 felonies carry a penalty of not less than three years but not more

than seven years. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(5).) Although all the offenses in the instant case are Class 2 felonies, neither the legislature's classification of the sentencing nor the court's application of its, exhibits a disparity of the kind at issue in *People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029, or *People v. Wagner* (1982), 89 Ill. 2d 308, 433 N.E.2d 267. Rather, the legislative scheme established penalties for Schedule I and II substances so as to take into account the amount as well as the type of substance. If the defendant in the instant case had delivered over 15 grams of heroin, he would have been guilty of a Class X felony, whereas if he had delivered the same amount of cocaine, he would be guilty of a Class 1 felony. (Ill. Rev. Stat. 1983, ch. 56½, pars. 1401(a)(1) and 1401(b)(2).) We decline to find that the court abused its discretion by not explicitly stating in the record the consequential differences of the two schedules when the legislature provided equal treatment for these offenses based on the amount as well as the type of substance involved. Although the court did not explicitly note the "consequential differences" between the two controlled substances involved, it did impose sentences well within the legislature's intent. (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(c); Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(5).) The trial court is the proper forum in which a suitable sentence is to be determined, and the trial court's decision is entitled to great deference and weight (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882), especially where the sentence imposed is within the statutory limits (*People v. Smith* (1982), 110 Ill. App. 3d 286, 288, 442 N.E.2d 294, 296).

For the foregoing reasons, the judgment of the circuit court of Franklin County is affirmed.

Affirmed.

JONES and HARRISON, JJ., concur.