THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LORENZO FELTON, Defendant-Appellant.

Fifth District   No. 5—88—0125

Opinion filed December 4, 1989.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, and Lori J. Lanciani Mosby, of State Appellate Defender's Office, of Springfield, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

Defendant pled guilty to aggravated criminal sexual assault and two counts of aggravated battery to a child. The victim, defendant's five-month-old daughter, had numerous fractured ribs, two broken bones in her leg, an acute vaginal laceration, third-degree burns on her chest and chin, fresh bruises on her forehead and temple area, and had retinal hemorrhages consistent with Shaken Baby Syndrome. The circuit court of St. Clair County sentenced defendant to six years for aggravated sexual assault, three years for one count of aggravated battery, four years for the other count of aggravated battery and ordered that all sentences run consecutively.

Defendant's motion to withdraw his guilty plea was denied and he appeals. We affirm.

Defendant first argues that trial counsel provided ineffective assistance because he advised defendant to plead guilty to criminal sexual assault without realizing that defendant's act of sexual penetration was not criminal if it was conducted for a medical purpose. (Ill. Rev. Stat. 1987, ch. 38, par. 12—18(b).) Claiming that trial counsel was ineffective, defendant concludes that his guilty plea was involuntary and must be vacated. We do not agree.

When challenging the quality of representation following a guilty plea, a defendant must show that the level of representation fell below an objective standard of reasonableness and that there is a

reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would, instead, have insisted on proceeding to trial. (*Hill v. Lockhart* (1985), 474 U.S. 52, 88 L. Ed. 2d 203, 106 S. Ct. 366; *People v. Robinson* (1987), 157 Ill. App. 3d 622, 510 N.E.2d 1050.) If a reviewing court may dispose of the defendant's claim of ineffective assistance on the ground that he failed to demonstrate sufficient prejudice, then it may do so without determining whether counsel's performance was deficient. *People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.

■ Here, the defendant has not shown sufficient prejudice. The factual basis for defendant's guilty plea revealed that the victim had received an acute vaginal laceration. Doctors would have testified that the laceration could not have occurred accidentally. Defendant did not dispute the doctor's claim. Defendant admitted inserting his finger approximately three-quarters of its length into the victim's vagina, but claimed that he was merely cleaning her.

The severity of the victim's injury along with the doctor's conclusion that the laceration could not have happened accidentally leads us to find that defendant has failed to demonstrate prejudice. It may be true, as defendant claims, that his lawyer did not tell him that he might not be found guilty of aggravated sexual assault if the penetration in this case was for a medical purpose. (See Ill. Rev. Stat. 1987, ch. 38, par. 12—18(b).) But, even if he had so advised defendant, we find it difficult to see prejudice.

We are persuaded from the facts of this case that even if counsel had advised defendant of the medical purpose exception, nevertheless, counsel would have recommended a plea of guilty. Competent counsel would realize the futility of attempting to persuade 12 rational people selected at random from the community that defendant's jamming his finger three-fourths of its length into his five-month-old daughter's vagina, acutely tearing it, was for a medical purpose.

Furthermore, if counsel had pressed the point, or if defendant intrepidly, but foolishly, had chosen to order counsel to press the point, our own experience as trial judges and trial lawyers compels us to predict that beyond our own doubt a jury in whom is reposed accumulated wisdom, not to speak of plain, common sense, would have made short shrift of defendant's claim. In short, we are convinced defendant came out better by accepting the plea than he would have by gambling on the trial he now so cavalierly says he wanted.

Because we find that defendant had no viable defense, he has failed to demonstrate that his attorney provided ineffective assistance by recommending that defendant plead guilty.

■ Defendant also argues that his guilty plea was involuntary because the circuit court failed to admonish him as to the maximum sentence he could receive if he was given the maximum sentences on each count and if the court ordered the sentences to be served consecutively.

Supreme Court Rule 402 requires only substantial, not literal, compliance with its provisions. 107 Ill. 2d R. 402; *People v. Baker* (1985), 133 Ill. App. 3d 620, 479 N.E.2d 372.

Prior to accepting the defendant's guilty pleas, the circuit court told defendant that he could receive a sentence of 30 years' imprisonment for the Class X offense of aggravated criminal sexual assault. The court also informed defendant that he was eligible for consecutive sentences. Because the defendant's aggregate sentence was far less (13 years) than what he was told he could receive on the Class X offense alone, the failure of the circuit court to admonish the defendant as to the maximum sentence he could receive if all sentences were to be served consecutively did not prejudice defendant. See *People v. Baker* (1985), 133 Ill. App. 3d 620, 479 N.E.2d 372.

■ Defendant next argues that the circuit court erred in ordering that the two aggravated battery sentences run consecutively because there was an insufficient showing that they were not a part of the same course of conduct. We find, however, that the record establishes a sufficient basis for the circuit court's conclusion that defendant's acts occurred separately and were not part of a single course of conduct. (See *People v. Perruquet* (1983), 118 Ill. App. 3d 293, 454 N.E.2d 1055.) Therefore, the decision that the aggravated battery sentences should be served consecutively was proper.

■ Defendant also complains that because he had no prior felony convictions, the circuit court abused its discretion in ordering that defendant serve his sentences consecutively.

It is within the circuit court's discretion whether multiple sentences are to be served concurrently or consecutively, and that court's decision will not be disturbed on appeal absent an abuse of that discretion. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(a); *People v. Berry* (1986), 140 Ill. App. 3d 994, 489 N.E.2d 1107.) Here, the victim's injuries were severe. The court considered it necessary to deter defendant and others from committing similar offenses. The defendant had three prior convictions. We find, therefore, that the circuit court did not abuse its discretion in sentencing defendant to consecutive terms of imprisonment.

Defendant next lodges a three-pronged attack on the constitutionality of the criminal sexual assault statute. Defendant's arguments,

however, have been fully discussed and rejected by the supreme court of Illinois. *People v. Terrell* (1989), 132 Ill. 2d 178.

Finally, defendant argues, and the State concedes, that defendant is entitled to 18 days' credit against his sentence of imprisonment. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—7(b).) Therefore, we order defendant's sentence to be credited for the 18 days he served prior to sentencing. The circuit court otherwise is affirmed.

Affirmed and remanded with directions.

WELCH, P.J., and HARRISON, J., concur.