THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES SHUMAN, Defendant-Appellant.

Third District   No. 3—91—0409

Opinion filed March 31, 1992.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Spencer, State's Attorney, of Morrison (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

In this case, we address the issue of whether defendant James Shuman knowingly and intelligently pled guilty. Since we find that he did not, we vacate the decision below and remand the cause for further proceedings.

The defendant was initially charged with 11 counts of arson (Ill. Rev. Stat. 1989, ch. 38, par. 20—1). He agreed to plead guilty to all counts in return for the State's promise not to charge him with aggravated arson. There was no agreement as to the sentences.

At the guilty plea hearing, the trial court informed the defendant that he faced a sentence of three to seven years on each count. The court also stated that the sentences could be consecutive or concurrent. The court did not mention the possibility of extended terms.

The factual basis for the pleas established that on February 3, 1984, the defendant set fire to a Sterling church (count I). On May 13, 1984, the defendant set another fire to the same church (count II). In addition, he set nine other fires on that date. Following presentation of the factual basis, the court accepted the guilty pleas and set the matter for sentencing.

At the sentencing hearing, the defendant was found eligible for an extended term because of a prior burglary conviction. Thereafter, the court imposed consecutive extended terms of 14 years on the first two counts and concurrent terms of seven years on each of the remaining counts.

On June 26, 1987, the defendant filed a *pro se* petition for postconviction relief. His appointed counsel subsequently amended the petition to state that the defendant's plea was not knowingly or intelligently made because the trial court had failed to tell him he was eligible for an extended term.

At a hearing on the petition, the defendant testified that his original trial counsel had never mentioned extended terms to him. His attorney had told him the sentences for counts II through XI would be concurrent with each other because they involved a "common act." His attorney had further stated that those sentences could be consecutive to the sentence for count I. Consequently, when he pled guilty, the defendant thought that the most he could receive were two consecutive seven-year terms. He stated that he might not have pled guilty if the court had told him he was eligible for consecutive extended-term sentences.

The post-conviction judge denied the defendant's petition. The court noted that the defendant had been told about the possibility of consecutive sentences. Accordingly, he was led to believe he could receive a total sentence far in excess of the 28-year aggregate sentence imposed upon him. The judge therefore concluded that the failure to admonish the defendant about extended-term sentencing did not amount to a substantial denial of his constitutional rights.

On appeal, the defendant argues that the trial court improperly admonished him at the guilty plea hearing. In support of his argument, he notes that the court failed to tell him about the possibility of extended terms. He also notes that the court incorrectly told him he could have received 11 consecutive seven-year sentences. The defendant points out that the most he could have received were two consecutive 14-year sentences. Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(c)(2).

In order to prevail on a post-conviction petition, a defendant must establish a substantial denial of his constitutional rights. (*People v. Ward* (1971), 48 Ill. 2d 117, 268 N.E.2d 692.) The Constitution requires that a guilty plea be knowing, voluntary and intelligent. (*Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709.) Thus, a trial judge is required to admonish a defendant on the record regarding the consequences of a guilty plea to insure that the plea is voluntary. *Boykin*, 395 U.S. at 243-44, 23 L. Ed. 2d at 279-80, 89 S. Ct. at 1712.

Supreme Court Rule 402 (134 Ill. 2d R. 402) is considered to be the embodiment of constitutional standards for procedures at plea proceedings. (*People v. Didley* (1991), 213 Ill. App. 3d 910, 572 N.E.2d 423.) Rule 402 by its terms requires substantial compliance. (134 Ill. 2d R. 402.) Consequently, the failure to strictly comply with Rule 402 does not automatically raise an issue of constitutional dimensions, although noncompliance may be relevant in determining whether a defendant knowingly and voluntarily pled guilty. *People v. Akers* (1985), 137 Ill. App. 3d 922, 484 N.E.2d 1160.

Rule 402 requires that a defendant who pleads guilty must understand the maximum sentence he faces, including consecutive sentences and any sentence he may receive because of prior convictions. (134 Ill. 2d R. 402(a)(2).) Moreover, the statutory provision for extended terms requires that if a defendant pleads guilty, the record must show that he knew an extended term was a possibility. If the record does not so indicate, he shall only receive an extended term if he is first given an opportunity to withdraw his plea without preju-

dice. Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—2(b); *People v. Mapps* (1990), 198 Ill. App. 3d 521, 555 N.E.2d 1275.

We note that there is a line of authority holding that a defendant need not be correctly admonished as to his maximum sentence, so long as he receives substantially less than the punishment he was told he could receive. (See, *e.g., People v. Felton* (1989), 191 Ill. App. 3d 599, 548 N.E.2d 57.) There comes a point, however, where the defendant is so poorly admonished that his plea can no longer be said to be knowing and voluntary. Here, the trial judge failed to tell the defendant he could receive an extended term. Moreover, he said the defendant could receive 11 consecutive seven-year terms, when the most he could have received were two consecutive 14-year terms. Additionally, although defendant's trial counsel told him he could only receive two consecutive terms, he did not tell him about the possibility of extended terms. Based on all of the conflicting and inadequate advice the defendant received, we find that his pleas were not knowing and voluntary.

The defendant asks this court to either reduce his sentences to seven years, or vacate his pleas and sentences and remand the cause for further proceedings. We think that the latter course is better because it places the defendant in the position he would have been in if the errors had not occurred. Accordingly, we vacate the defendant's pleas and sentences and remand the cause for further proceedings.

Vacated and remanded.

McCUSKEY and SLATER, JJ., concur.