THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT EISENBERG, Defendant-Appellant.

First District (5th Division)   Nos. 81—120, 81—200 cons.

Opinion filed September 3, 1982.

John M. Goldberg and Caroline Jaffe, both of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Kevin Sweeney, and Richard J. Cosentino, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MEJDA delivered the opinion of the court:

Defendant was sentenced to 12 months' periodic imprisonment on pleas of guilty to charges of aggravated battery and unlawful restraint. Subsequently, the periodic imprisonment was revoked and defendant was resentenced to concurrent extended terms of 10 years and six years on the respective charges. Ill. Rev. Stat. 1981, ch. 38, par. 1005—7—2.

Defendant on appeal asks this court to either vacate the extended-term sentence or, in the alternative, to reverse the judgments entered upon the underlying pleas of guilty, arguing that (1) application of the extended-term sentence under section 5—5—3.2(b)(1) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)(1)) is unconstitutional since it violates the equal protection clause and the due process clause of the United States Constitution (U.S. Const., amend. XIV) in that it irrationally applies only where a prior offense was committed in Illinois; and (2) imposition of an extended term upon defendant under the circumstances at bar was impermissible because (a) his original plea was entered without prior notice that an extended-term sentence was a possibility, as required by section 5—8—2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—2(b)), and (b) his original plea was not knowingly and voluntarily entered, in violation of Supreme Court Rule 402. 73 Ill. 2d R. 402.

The relevant facts are as follows. In August 1978 defendant was charged by two indictments; No. 78—4837, charging him with the crime of unlawful restraint (Ill. Rev. Stat. 1977, ch. 38, par. 10—3(a)), and No. 78—4838, charging him with the crime of aggravated battery. (Ill. Rev. Stat. 1977, ch. 38, par. 12—4.) On October 11, 1979, upon defendant's pleas of guilty to each of these charges, he was sentenced to a term of 12 months' periodic imprisonment with certain conditions prohibiting his use of alcoholic beverages, and requiring his participation in an alcoholic treatment program.

Thereafter, in December 1979 the State filed a "Petition for Violation of Periodic Imprisonment," alleging that defendant failed to report as required on November 18, 1979, and that as of December 6, 1979, he had failed to return to the Department of Corrections work release program. The petition also alleged that defendant had further

violated the terms of his periodic imprisonment sentence by committing yet another crime, namely an aggravated battery as charged in indictment No. 79—8579.

After a hearing on the State's petition held on October 31, 1980, the trial court found that defendant had violated the conditions of his periodic imprisonment sentence. The court was then informed by the prosecutor that in July 1979 defendant was convicted of aggravated kidnaping and aggravated battery, which crimes, the court noted, were of the "same classification or greater than this case." The court thereafter revoked the periodic imprisonment and imposed an extended-term sentence of 10 years' imprisonment on the aggravated battery charge, with a concurrent six-year sentence for the unlawful restraint charge. Both sentences were imposed under the "extended term" statute.

OPINION

Defendant contends that the extended term of imprisonment must be vacated because his original guilty pleas were entered without notice to him of the possibility of imposition of such a sentence, under section 5—8—2 of the Unified Code of Corrections. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—2.) This section provides in pertinent part:

"(b) If the conviction was by plea, it shall appear on the record that the plea was entered with the defendant's knowledge that a sentence under this Section was a possibility. If it does not so appear on the record, the defendant shall not be subject to such a sentence unless he is first given an opportunity to withdraw his plea without prejudice." Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—2(b).

The instant record fails to show that defendant was so advised. Accordingly, defendant was not subject to an extended-term sentence at the time of his initial sentencing. Furthermore, since upon revocation of periodic imprisonment the court could impose only another sentence that was available at the time of initial sentencing, the defendant was not subject to the extended term at the subsequent revocation hearing. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—7—2(c); cf. *People v. Brogan* (1979), 76 Ill. App. 3d 957, 395 N.E.2d 408.) Accordingly, the extended-term sentence so imposed must be vacated.

The defendant has contended that the original pleas should also be vacated as not having been knowingly and voluntarily entered under Supreme Court Rule 402 (73 Ill. 2d R. 402). The State argues that defendant has waived this issue for purposes of review by failing to make it the subject of an appeal from the original conviction. We agree with the State's position. An appeal from a probation revoca-

tion is generally limited to issues arising out of the revocation proceeding. (*People v. Smith* (1980), 87 Ill. App. 3d 526, 409 N.E.2d 157.) The notice of appeal pertaining to such proceedings cannot be construed as granting an appellate court either authority or jurisdiction to review the initial judgment of conviction. (*People v. Susberry* (1979), 68 Ill. App. 3d 555, 386 N.E.2d 361.) Defendant here has not filed a notice of appeal from the original judgment of conviction and the appeal before us is effective solely as to the extended-term sentence entered upon the order revoking periodic imprisonment. We see no need to distinguish, for purposes of waiver, between the probation revocation order and the instant order revoking the periodic imprisonment. Accordingly, we do not consider the question of whether there was inadequate admonishment prior to the entry of the guilty pleas at bar. See *People v. Haak* (1975), 26 Ill. App. 3d 1031, 325 N.E.2d 423.

Since we have held that defendant was not subject to sentencing under the "extended term" statute (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—2), we need not consider his claim that application of the extended term under section 5—5—3.2 (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2) is unconstitutional.

For the foregoing reasons, the convictions and the revocations of periodic imprisonment are hereby affirmed, the order imposing extended-term sentences is vacated, and the cause is remanded for resentencing in a manner consistent with this opinion.

Conviction and revocation affirmed; sentence vacated and remanded.

SULLIVAN, P. J., and LORENZ, J., concur.