THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT VASQUEZ, Defendant-Appellant.

First District (5th Division)    Nos. 1—00—0805, 1—00—1083 cons.

Opinion filed June 28, 2002.

Michael J. Pelletier, of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Michelle Katz, and Joanna Collias, Assistant State's Attorneys, of counsel), for the People.

JUSTICE REID delivered the opinion of the court:

The defendant, Robert Vasquez, pled guilty to two counts of aggravated criminal sexual abuse and was sentenced to serve two concurrent extended nine-year terms of imprisonment based on a prior conviction pursuant to section 5—5—3.2(b) of the Unified Code of Corrections (the Code) (730 ILCS 5/5—5—3.2(b) (West 1998)) and section 5—8—2 of the Code (730 ILCS 5/5—8—2 (West 1998)). On appeal, Vasquez maintains his guilty pleas should be vacated because: (1) the trial court failed to properly admonish him as to the nature of the charges or of the maximum and minimum sentences prescribed by law as required by Supreme Court Rule 402(a) (177 Ill. 2d R. 402(a)), (2) a *per se* conflict of interest existed where his attorney argued her own ineffectiveness, and (3) section 5—8—2 is unconstitutional under *Ap-*

*prendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). For the reasons that follow, we reverse the decision of the trial court.

### THE FACTS

On June 10, 1999, Vasquez was charged in two separate informations with aggravated criminal sexual abuse pursuant to sections 12—16(b) and (c)(1)(i) of the Criminal Code of 1961 (720 ILCS 5/12—16(b), (c)(1)(i) (West 1998)). Vasquez, who was over 17 years old, allegedly sexually abused two minor girls.

On November 30, 1999, Vasquez entered guilty pleas as to both charges. When Vasquez entered his guilty pleas, the following colloquy occurred:

"THE COURT: Furthermore, when you plead guilty, you give up your right to have any type of trial in either one of the two cases. The State won't be calling witnesses against you. Your attorney won't have a chance to cross examine them. Your attorney won't have a chance to call witnesses on your behalf and you won't have a chance to testify because when you plead guilty on these two separate cases there will be no trial. Do you understand that?

Mr. VASQUEZ: Yes.

THE COURT: What's the recommendation on the cases?

[Assistant State's Attorney]: Nine years.

THE COURT: Concurrent on both of them?

[Public Defender]: Yes.

THE COURT: Mr. Vasquez, the State is recommending and your attorney is recommending a sentence of nine years in the Illinois Department of Corrections, concurrent on both of these cases. Other than that recommendation has anybody made you [*sic*] any other threats or promises to make you plead guilty?

MR. VASQUEZ: No.

THE COURT: Are you pleading guilty freely and voluntarily?

MR. VASQUEZ: Yes.

THE COURT: State the basis?

[Assistant State's Attorney]: Judge, with respect to the case ending in 6853 the evidence would establish on March 16th 1999, \*\*\* the defendant was present with the victim at the defendant's father's house. The victim at the time was 12 years old. At that location the defendant French kissed the victim, rubbed her legs, unsnapped her bra and fondled the victim's breast. The defendant placed the victim's hands on the defendant's penis through his jeans.

\* \* \*

With respect to case ending in 6854, the evidence would establish

that on March 15th, 1999, *** the defendant was present with his eleven year old half sister who is the victim. They were in the attic of the victim's home storing Christmas decorations. The defendant told the victim to take off her overalls which she did. *** Defendant removed his pants and asked the victim could he pop the cherry and give up her virginity. The defendant then began rubbing the victim's legs. The defendant at that time rubbed his erect penis on the victim's legs and told her not to worry if she saw blood. The defendant told the victim not to tell anyone or something would happen.

* * *

THE COURT: Mr. Vasquez, do you understand on these two separate cases those are the facts you're pleading guilty to?

MR. VASQUEZ: But that's not true facts. That's not what I signed at the police station.

THE COURT: Are you pleading guilty because you are in fact guilty?

MR. VASQUEZ: Not on all of it, no.

THE COURT: Are you pleading guilty because those facts are true?

MR. VASQUEZ: No.

THE COURT: We will pass the case."

The case was then passed. During this time, Vasquez spoke with his attorney. After they spoke, the case was recalled, and the following occurred:

"THE COURT: Mr. Vasquez, the [S]tate's [A]ttorney had just read in the record the statement of facts supporting the two charges. And you indicated that some of the facts may have been not what you recall. We passed the case so you can talk to your attorney. And you recall the facts the [S]tate's [A]ttorney read into the record?

MR. VASQUEZ: Yes.

THE COURT: Regarding both of these cases?

MR. VASQUEZ: Yes.

THE COURT: And do you understand that those facts are the facts you're pleading guilty to in each one of these two cases?

MR. VASQUEZ: Yes.

THE COURT: And are you pleading guilty in each one of these two cases because those facts are true?

MR. VASQUEZ: Yes.

THE COURT: And are you pleading guilty in each one of these two separate cases because in fact—because that is what happened?

MR. VASQUEZ: Yes.

THE COURT: There is sufficient basis for the plea. It will be a finding of guilty."

The trial court, pursuant to an agreement reached between the State and Vasquez, sentenced Vasquez to two concurrent nine-year terms of imprisonment.

On December 20, 1999, Vasquez timely filed a *pro se* motion to withdraw his guilty pleas and vacate his sentences. In the motion, Vasquez alleged that: (1) he received inadequate representation by defense counsel and (2) his pleas were the result of coercion by defense counsel.

The trial court appointed the Cook County public defender's office to represent Vasquez on his motion. Vasquez was represented by the same attorney who represented him when he made his guilty pleas. On March 3, 2000, Vasquez filed a *pro se* motion requesting the appointment of different counsel.

On March 7, 2000, the assistant public defender filed a supplement to Vasquez's motion to withdraw his guilty plea. In the motion, she alleged her own ineffectiveness for failing to file a motion to quash arrest and suppress evidence, failing to file a motion to suppress statements, and failing to perform discovery and obtain letters which defendant believed would have exonerated him.

The trial court held a hearing on Vasquez's motion to vacate his guilty plea. The trial court initially denied Vasquez's motion wherein he requested the appointment of different counsel. The trial court held that there was nothing in the record which supported the allegations made in Vasquez's motion.

The assistant public defender then orally argued the motion to vacate Vasquez's guilty plea, including the supplemental motion before the court. The court denied the motions, and Vasquez timely filed a notice of appeal.

## ANALYSIS

■ The general rule is that it is within the sound discretion of the trial court to determine whether a guilty plea may be withdrawn, and, on appeal, this decision will not be disturbed unless the decision is an abuse of that discretion. *People v. Davis*, 145 Ill. 2d 240, 244 (1991).

The State contends that the trial court properly admonished Vasquez before he entered his guilty pleas. In particular, the State asserts the trial court properly admonished defendant because Vasquez understood the nature of the charges against him, and the defendant knew that he would receive a sentence of nine years' incarceration as a result of his negotiating a plea agreement with the State.

Vasquez maintains his guilty pleas must be vacated and this cause remanded because the trial court failed to properly admonish him before accepting his guilty pleas as required by Supreme Court Rule

402(a). Specifically, Vasquez asserts that the trial court failed to admonish him as to the nature of the charges and failed to inform him of the maximum and minimum sentences prescribed by law. We agree. ■ "Rule 402 was adopted to insure compliance with the requirements of *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (due process requires that a plea of guilty must be affirmatively shown to be voluntary and intelligent before it can be accepted)." *People v. Kidd*, 129 Ill. 2d 432, 443 (1989), citing *People v. Hillenbrand*, 121 Ill. 2d 537, 554 (1988). "The record must disclose that the consequences of a guilty plea have been *fully* explained to a defendant before the plea may be permitted to stand." (Emphasis in original.) *People v. Day*, 311 Ill. App. 3d 271, 274 (2000), citing *Kidd*, 129 Ill. 2d at 444.

■ The relevant portions of Supreme Court Rule 402 provide:

"In hearings on pleas of guilty, or in any case in which the defense offers to stipulate that the evidence is sufficient to convict, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty or a stipulation that the evidence is sufficient to convict without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences[.]" 177 Ill. 2d R. 402(a).

In *Kidd*, the defendant pled guilty to nine counts of murder, one count of armed robbery, one count of aggravated arson, and four counts of concealment of a homicidal death. The defendant received the death penalty. On appeal, the defendant challenged the adequacy of the admonitions given to him by the trial court before it accepted his guilty pleas and its subsequent refusal to permit him to withdraw his guilty pleas.

The *Kidd* court held that the trial court failed to give the defendant the proper admonitions, finding that it failed to properly admonish the defendant of the minimum sentence prescribed by law as required by Rule 402. *Kidd*, 129 Ill. 2d at 443.

The State argued that under *People v. Walker*, 109 Ill. 2d 484 (1985), Rule 402 need only be substantially complied with in order to meet the requirements of *Boykin* that a guilty plea be made intelligently and voluntarily. The *Kidd* court rejected the State's argument and distinguished *Walker*. Instead, the court likened its case to that of *People v. Ballheimer*, 37 Ill. 2d 24 (1967).

In *Ballheimer*, during two distinct admonishments to the defendant, the trial court stated that defendant would be sentenced " ' "in accordance with the statute," ' " and that he " ' "would be sentenced according to the law." ' " *Kidd*, 129 Ill. 2d at 445-46, quoting *Ballheimer*, 37 Ill. 2d at 25. The *Ballheimer* court held that these statements serving as an admonition were inadequate.

The *Kidd* court concluded:

> "*Ballheimer* and Rule 402 mandate that a defendant be advised of both the minimum and maximum sentence prescribed by law before he can make a knowing and intelligent decision to plead guilty to a criminal charge. By simply telling defendant that whether or not he would get a life sentence is something controlled by the statute over which the trial court has no control, the trial court failed to spell out to him the minimum sentence prescribed by law. This failure clearly means that the admonition in this instance was not in substantial compliance with Rule 402." *Kidd*, 129 Ill. 2d at 446.

In *Day*, the defendant moved *pro se* to withdraw his guilty plea to aggravated battery with a firearm. The trial court denied the defendant's motion. On appeal, the defendant argued that the trial court failed to admonish him properly under Supreme Court Rule 402. The *Day* court found that the trial court failed to inform the defendant of the nature of the charge, of the minimum and maximum sentences prescribed by law, or of the three-year mandatory supervised release that would attach to the defendant's 15-year sentence. Subsequently, the *Day* court held that the trial court failed to properly admonish the defendant before he pled guilty and reversed its decision. *Day*, 311 Ill. App. 3d at 274.

■ Section 5—8—2(b) of the Code (730 ILCS 5/5—8—2(b) (West 1998)) provides:

> "(b) If the conviction was by plea, it shall appear on the record that the plea was entered with the defendant's knowledge that a sentence under this Section was a possibility. If it does not so appear on the record, the defendant shall not be subject to such a sentence unless he is first given an opportunity to withdraw his plea without prejudice." 730 ILCS 5/5—8—2(b) (West 1998).

"[T]he statutory provision for extended terms requires that if a defendant pleads guilty, the record must show that he knew an extended term was a possibility. If the record does not so indicate, he shall only receive an extended term if he is first given an opportunity to withdraw his plea without prejudice. Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—2(b)." *People v. Shuman*, 226 Ill. App. 3d 1065, 1067-68 (1992). *Cf. People v. Cavins*, 288 Ill. App. 3d 173 (1997) (under section

5—8—2(b), it is defendant's burden to withdraw his plea if he so chooses).

■ Our review of the record reveals that the trial court failed to inform Vasquez: (1) of the minimum and maximum sentences that he was eligible to receive, (2) that he could receive an extended-term sentence, and (3) that he would be required to submit to a 10-year period of supervision following his incarceration. This was improper. The trial court's responsibility under Rule 402 was not negated by the fact that Vasquez had negotiated a plea agreement with the State. Rule 402 requires the trial court to "spell out" to the defendant the maximum and minimum sentences prescribed by law. *Kidd*, 129 Ill. 2d at 446. Here, that was not done, and consequently, Vasquez's guilty pleas must be vacated and this matter remanded to the trial court.

In view of our decision to reverse, we need not reach the merits of the remaining issues raised.

## CONCLUSION

For the foregoing reasons, the decision of the trial court is reversed. The trial court is ordered to allow Vasquez to withdraw his guilty pleas, vacate his conviction and sentence, and permit Vasquez to plead anew.

Reversed and remanded.

CAMPBELL, P.J., and QUINN, J., concur.