2020 IL App (2d) 170892-U
No. 2-17-0892
Order filed June 29, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-917 |
| JOSEPH McGHEE, | ) ) ) | Honorable David P. Kliment, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Birkett and Justice Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*: The Appellate Court reduced the defendant's sentence to the maximum non-extended term of three years' incarceration, rather than vacate his guilty plea, where the trial court failed to admonish him that he was eligible for an extended term sentence, but the defendant already served the sentence that the trial court imposed.

¶ 2    Defendant, Joseph McGhee, appeals an order of the circuit court of Kane County adjudicating him guilty of the offense of violation of an order of protection (720 ILCS 5/12-3.4(a)(2) (West 2016)) and sentencing him to a period of five years' incarceration in the Illinois Department of Corrections (IDOC). This judgment followed defendant's blind guilty plea. We modify the judgment and reduce defendant's sentence to a period of three years' imprisonment.

¶ 3                                I. BACKGROUND

¶ 4     On May 3, 2017, defendant was sentenced to 12 months' conditional discharge for the offense of domestic battery. A condition of defendant's conditional discharge was that he have no contact with the victim, Rosetta Applewhite-Townsend. However, prior to the disposition of defendant's criminal case, defendant was served with an emergency order of protection directing him to have no contact with Applewhite-Townsend. Defendant was then served with a plenary order of protection directing that he have no contact with Applewhite-Townsend.

¶ 5     On August 2, 2017, defendant was charged by indictment with violating the order of protection in that he called the victim on the telephone on May 7, 2017. At defendant's arraignment, the court advised him that the charge of violation of the order of protection was a class 4 felony, which was punishable by a minimum of one and a maximum of three years in IDOC. The court further advised defendant that, *if* extended-term sentencing applied, an extended term would be three-to-six years in IDOC followed by a four-year term of mandatory supervised release.

¶ 6     On August 25, 2017, defendant entered a blind plea of guilty to the indictment. The court admonished defendant that the class 4 offense was punishable by between one and three years in IDOC. The court again advised defendant that, *if* extended-term sentencing applied, it could be three-to-six years in IDOC. The court did not admonish defendant of his right to appeal. The court accepted defendant's guilty plea.

¶ 7     On September 22, 2017, the court sentenced defendant to an extended term of five years' incarceration in IDOC. Defendant was eligible for the extended-term sentence based on a previous conviction of the same or greater class felony within the prior 10 years. The court then advised defendant that he had the right to appeal. The court admonished defendant that he first had to file

a motion to reconsider the sentence. The court did not advise defendant that he must move to withdraw his guilty plea. Defendant filed a motion to reconsider the sentence, which was denied on November 3, 2017. Defendant then filed a timely notice of appeal.

¶ 8                                    II. ANALYSIS

¶ 9     Defendant contends that the court (1) failed to substantially comply with Illinois Supreme Court Rule 402(a)(2) (eff. July 1, 2012), requiring it to admonish defendant of the minimum and maximum sentences prescribed by law, and (2) failed to substantially comply with Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001), requiring it to admonish defendant of his right to file a motion to withdraw his guilty plea. Defendant argues that these omissions prejudiced him and must result in a reduction of his sentence to the maximum non-extended term of three years' incarceration. Alternatively, defendant requests that we vacate the guilty plea and remand this cause so defendant can enter either a not guilty plea or plead guilty, or remand for substantial compliance with Rule 605(b).

¶ 10                              A. Rule 402(a)(2)

¶ 11     Due process requires that a defendant's guilty plea be entered voluntarily and intelligently before it can be accepted by the court. *People v. Vasquez*, 332 Ill. App. 3d 269, 274 (2002). Rule 402 was adopted to ensure compliance with those requirements. *Vasquez*, 332 Ill. App. 3d at 274. Relevant to our case, Rule 402(a)(2) provides that the court must admonish a defendant of "the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences." Ill. Sup. Ct. R. 402(a)(2) (eff. July 1, 2012). A court's failure to substantially comply with this Rule renders a defendant's plea involuntary. *People v. Wills*, 251 Ill. App. 3d 640, 643 (1993). Whether

the court has complied with a supreme court rule is a question of law that we review *de novo*. *People v. Johnson*, 2013 IL App (1st) 111317, ¶ 57.

¶ 12    Here, defendant was eligible for an extended-term sentence based on a prior conviction. Pursuant to section 5-8-2(b) of the Unified Code of Corrections (Sentencing Code) (730 ILCS 5/5-8-2(b) (West 2016)), a defendant's guilty plea must be entered with his knowledge that an extended term is "possible." Where that fact does not appear on the record, the defendant "shall not be subject to such a sentence unless he is first given an opportunity to withdraw his plea without prejudice." 730 ILCS 5/5-8-2(b) (West 2016). Defendant argues that the trial court failed to inform him when he pleaded guilty that an extended term was possible. The record is clear that the court advised defendant of the length of any extended term *if* such a term were applicable.

¶ 13    Defendant relies on this court's decision in *People v. Taylor*, 368 Ill. App. 3d 703 (2006). In *Taylor*, the defendant pleaded guilty to two felonies and was sentenced to probation. *Taylor*, 368 Ill. App. 3d at 703. After the trial court revoked the defendant's probation, it sentenced him to concurrent extended-term sentences of incarceration. *Taylor*, 368 Ill. App. 3d at 703. This court held that the defendant did not know that extended-term sentencing was possible because the trial court merely informed him of the length of such a sentence "if" he were subject to an extended term. *Taylor*, 368 Ill. App. 3d at 708.

¶ 14    The State first maintains that defendant forfeited this argument by failing to object, based on *Taylor*, to the imposition of an extended term.[1] Pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), any issue that is not raised in a motion to withdraw a guilty plea is forfeited. *People v. Fuller*, 205 Ill. 2d 308, 322 (2002). Here, defendant did not move to withdraw his guilty

---

[1] Defendant argued that an extended term was inappropriate on other grounds.

plea. However, defendant argues that we can consider this issue under the plain-error doctrine. Failure to give Rule 402 admonishments can amount to plain error. *Fuller*, 205 Ill. 2d at 322-23. Unpreserved errors may be considered under the plain-error doctrine when (1) a clear or obvious error occurred and the evidence is closely balanced, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence. *People v. McCreary*, 393 Ill. App. 3d 402, 406 (2009). We first determine whether error occurred. *McCreary*, 393 Ill. App. 3d at 406.

¶ 15    Defendant argues that second-prong plain error occurred because (1) the lack of proper admonishments ran afoul of defendant's due process rights, and (2) he was not sentenced in accordance with the law where he was unaware that he was subject to extended-term sentencing. If we apply *Taylor* to the facts of the present case, then defendant did not enter his guilty plea with full knowledge of its consequences. See *People v. Whitfield*, 217 Ill. 2d 177, 184 (for a guilty plea to meet due process, the record must affirmatively show that the defendant was aware of the consequences of his plea).

¶ 16    The State first unsuccessfully attempts to distinguish *Taylor* on insignificant procedural differences. The State next urges us to reconsider our holding in *Taylor* and adopt the dissent. The dissent posited that the trial court's admonishment fairly advised the defendant by using the word "if" that an extended-term sentence "may or may not happen." *Taylor*, 368 Ill. App. 3d at 711 (Kapala, J., dissenting). Courts will not depart from the doctrine of *stare decisis* absent good cause or compelling reasons. *People v. Colon*, 225 Ill. 2d 125, 145 (2007). Generally, a settled rule of law that does not contravene a statute or constitutional principle should be followed unless doing so is likely to result in serious detriment prejudicial to public interests. *Colon*, 225 Ill. 2d at 145.

Good cause to depart from *stare decisis* also exists when governing decisions are unworkable or badly reasoned. *Colon*, 225 Ill. 2d at 145. Here, the State expresses a preference for the dissent's viewpoint, but it does not present good cause to depart from *stare decisis*.

¶ 17    Next, the State argues that our supreme court implicitly repudiated our analysis in *Taylor* in *People v. Wright*, 2017 IL 119561. In *Wright*, the trial court advised defendant, who waived his right to counsel, that he could be sentenced to an enhanced maximum of 60 years' incarceration, when, in fact, the maximum was 75 years. *Wright*, 2017 IL 119561, ¶ 52. Our supreme court determined that this admonishment substantially complied with Supreme Court Rule 401's requirement that a defendant wishing to represent himself be advised of the minimum and maximum sentences to which he could be subjected. *Wright*, 2017 IL 119561, ¶ 53. According to the State, the court reached this conclusion only after looking at the entire record. The State argues that the record in the instant case shows that defendant was told twice that *if* extended-term sentencing applied, he could be sentenced to three-to-six years. First, we fail to see how repeating a mistake twice cures the mistake. Second, the State's reliance on *Wright* misses the mark. In *Wright*, unlike the present case, the defendant was actually advised that he was subject to enhanced sentencing. We believe that *Taylor* is indistinguishable from our case. Accordingly, we hold that the trial court's failure to admonish defendant that an extended term was possible was plain error.

¶ 18                                B. Rule 605(b)

¶ 19    Rule 604(d) provides, *inter alia*, that no appeal from a guilty plea can be taken unless the defendant files in the trial court a motion to withdraw the plea and vacate the judgment. Rule 605(b) provides the admonishments that the trial court must give at sentencing to a defendant who pleaded guilty. Rule 605(b) complements and is a corollary to Rule 604(d). *People v. Jamison*, 181 Ill. 2d 24, 27 (1998). Specifically, Rule 605(b) requires the trial court, in a non-negotiated plea

of guilty, to advise the defendant of his or her right to appeal and that, prior to taking an appeal, he or she must file a motion to reconsider the sentence or for leave to withdraw the guilty plea. Rule 605(b) must be strictly adhered to in the sense that the admonishments must be given to a defendant who has pleaded guilty. *People v. Dominguez*, 2012 IL 111336, ¶ 11. However, the rule must be only substantially complied with in the sense that a verbatim reading is not required. *Dominguez*, 2012 IL 111336, ¶ 11. Again, whether the court has complied with a supreme court rule is a question of law that we review *de novo*. *Johnson*, 2013 IL App (1st) 111317, ¶ 57.

¶ 20    Defendant argues that the trial court failed to admonish him that he could challenge errors in his guilty plea by filing a motion to withdraw the plea. Defendant asserts that he was prejudiced because the absence of the admonishment denied him the opportunity to withdraw his guilty plea. The State initially argues that defendant forfeited this issue by failing to raise it at sentencing or in his motion to reconsider the sentence. Defendant contends that the court's failure to admonish him pursuant to Rule 605(b) is plain error. A legally inaccurate admonishment under Rule 605(b) results in a deprivation of a defendant's right to due process. *People v. Foster*, 308 Ill. App. 3d 286, 289 (1999). Consequently, it is cognizable under the second prong of the plain-error doctrine. See *People v. Cochrane*, 257 Ill. App. 3d 1047, 1050 (1994) (trial court's failure to admonish a defendant regarding requirements to perfect appeal from a guilty plea may constitute plain error).

¶ 21    As noted above, we must first determine whether error occurred. *McCreary*, 393 Ill. App. 3d at 406. At sentencing, the court advised defendant that he had the right to appeal. The court informed defendant that he was required to file a motion to reconsider his sentence. It is undisputed that the court did not admonish defendant of the need to file a motion for leave to withdraw his guilty plea to preserve any errors associated with the entry of the plea.

¶ 22    Nevertheless, the State argues that the court's admonishments substantially complied with the rule where defendant was advised of his right to appeal by filing a motion to reconsider the sentence and then he did so. Surely, the State's argument is disingenuous, as it is well settled that the filing of a motion to withdraw a guilty plea is mandatory and a prerequisite to appeal where the defendant, as here, alleges error in the entry of his plea. See *People v. Grimes*, 226 Ill. App. 3d 1029, 1031 (1992). Defendant was unable to preserve the error, presumably because he was not told that he was required to do so.

¶ 23    Even more irrelevant to whether the trial court properly admonished defendant is the State's argument that defendant's post-plea counsel filed a Rule 604(d) certificate raising no issues regarding the admonishments. The attorney representing a defendant in connection with a post-plea motion must file with the trial court a certificate stating that counsel has: (1) consulted with the defendant by mail or in person to ascertain the defendant's contentions of error in sentencing or the entry of the guilty plea, (2) examined the trial court file and the transcript of the guilty-plea proceedings, and (3) made any amendments to the defendant's *pro se* motion necessary to present defects in the proceedings. *People v. Love*, 385 Ill. App. 3d 736, 737 (2008). Counsel's failure to raise issues does not *a fortiori* prove that the court's admonishments were proper. Accordingly, we determine that the court's failure to admonish defendant of his obligation to move to withdraw his guilty plea was plain error.

¶ 24                          C. The Proper Remedy

¶ 25    Defendant contends that section 5-8-2(b) of the Sentencing Code contemplates a reduction of his sentence to the maximum non-extended term as the proper remedy for having been erroneously sentenced to an extended term. Defendant cites the following statutory language: "If it does not [appear on the record that the defendant's plea was entered with knowledge that an

extended-term sentence was a possibility], the defendant shall not be subject to such a sentence unless he is first given an opportunity to withdraw his plea without prejudice." 730 ILCS 5/5-8-2(b) (West 2018). Because defendant was not advised of the right to file a motion to withdraw his plea, he argues that he was not given the opportunity to withdraw it.

¶ 26    Defendant relies on *People v. Eisenberg*, 109 Ill. App. 3d 98 (1982). In *Eisenberg*, the defendant was sentenced to 12 months' periodic imprisonment upon his plea of guilty to charges of aggravated battery and unlawful restraint. *Eisenberg*, 109 Ill. App. 3d at 99. Later, the defendant's periodic imprisonment was revoked, and he was resentenced to concurrent extended terms in IDOC. *Eisenberg*, 109 Ill. App. 3d at 99. When the defendant pleaded guilty to the original charges, the court failed to advise him that extended-term sentences were a possibility. *Eisenberg*, 109 Ill. App. 3d at 100. The appellate court held that the defendant was, therefore, not subject to extended-term sentencing and vacated the extended-term sentence. *Eisenberg*, 109 Ill. App. 3d at 100. Defendant also relies on *People v. Cisco*, 2019 IL App (4th) 160515, ¶ 28, where the appellate court reduced the defendant's sentence to the maximum non-extended term because the extended-term sentence was not authorized.

¶ 27    *Eisenberg* and *Cisco* are distinguishable. In *Eisenberg*, the extended-term sentence was imposed after revocation of a lesser sentence. *Eisenberg*, 109 Ill. App. 3d at 99. In that situation, the proper remedy is to vacate the extended-term sentence. *Taylor*, 368 Ill. App. 3d at 707. In *Cisco*, the State agreed to the sentence reduction. *Cisco*, 2019 IL App (4th) 160515, ¶ 27. Here, the State opposes reducing the sentence and argues instead that we should remand for proper Rule 605(b) admonishments. That way, the State argues, defendant can decide whether to file a motion for leave to withdraw his guilty plea.

¶ 28    In *Taylor*, we held that, if a defendant is sentenced to an extended term without having received proper admonishments, his remedy is to move to withdraw his guilty plea. *Taylor*, 368 Ill. App. 3d at 707-08. We believe that is an inappropriate remedy here. Remanding for the court to admonish defendant that he has a right to file a motion to withdraw his guilty plea would accomplish nothing. Ordinarily, whether to allow such a motion is within the trial court's discretion. *People v. Hughes*, 2012 IL 112817, ¶ 32. However, here, we have determined as a matter of law that defendant's guilty plea was involuntary. Consequently, that holding is the law of the case and would bind the circuit court on remand. See *People v. Patterson*, 154 Ill. 2d 414, 468 (1992) (a rule established as controlling in a particular case will continue to be the law of the case so long as the facts remain the same).

¶ 29    Nevertheless, we determine that vacatur of defendant's plea and remand is not necessary. Inexplicably, defendant waited until page 17 of his reply brief to disclose that he has served the term of imprisonment imposed by the trial court and to tell us that he prefers a reduction of his sentence to the vacatur of his plea. We take this to mean that defendant waives any right to have his plea vacated and the cause remanded so that he can enter either a not guilty plea or a guilty plea to the indictment. In the interests of judicial economy, we reduce defendant's sentence to a term of three years' incarceration in IDOC.

¶ 30                                    III. CONCLUSION

¶ 31    For the reasons stated, we affirm the judgment of the circuit court of Kane County as modified.

¶ 32    Affirmed as modified.