THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL CAVINS, Defendant-Appellant.

Fifth District   No. 5—95—0711

Opinion filed May 9, 1997.

174

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon,

and Brad Pelc and Gundlach, Lee, Eggmann, Boyle & Roessler, both of Belleville, for appellant.

James Creason, State's Attorney, of Salem (Norbert J. Goetten, Stephen E. Norris, and J. Stephen Bennett, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOPKINS delivered the opinion of the court:

Defendant, Michael Cavins, entered a plea of guilty to the charge of burglary. After a sentencing hearing in which defendant was sentenced to an extended term of 10 years' imprisonment, defendant filed a motion to reconsider his sentence, which the Marion County circuit court denied. On appeal, defendant argues: (1) that his extended-term sentence is void; (2) that section 5—5—3.2(b)(1) of the Unified Code of Corrections (the Code) (730 ILCS 5/5—5—3.2(b)(1) (West 1992)) is unconstitutionally vague; (3) that he was improperly subjected to extended-term sentencing based upon an Iowa conviction; and (4) that the court erred in defendant's sentencing hearing by allowing evidence concerning defendant's admissions of uncharged misconduct. We affirm.

## I. FACTS

On October 5, 1994, defendant was arraigned on the charge of burglary, a Class 2 felony. The trial court admonished defendant that, if found guilty, he could receive a sentence of imprisonment from three to seven years, a fine of up to $10,000, or any combination of fine and sentence of imprisonment up to the maximum.

On October 21, 1994, defendant was charged by indictment with the same offense of burglary. At the arraignment on the bill of indictment on October 26, 1994, defendant was again admonished that, if found guilty, he could be sentenced to a term of imprisonment from three to seven years.

On December 21, 1994, defendant entered an open plea of guilty to the charge of burglary. At the time defendant entered his plea of guilty, his attorney stated:

"[I]n doing so, he is relying upon the recommendation by the State that there would be no other charges filed relating to other burglaries, as well as a charge of escape. He escaped during the course of his arrest, and he would proceed to sentence on this particular charge, and it has been my representation to Mr. Cavins that the State has previously indicated that they have evidence that he has been convicted on prior occasions of two prior Class [2] Felonies in the State of Illinois, and that the range of sentence would be between 6 and 30 years."

Defendant stated that he understood that his negotiated plea did not include any agreed disposition or sentence and that he could be sentenced as a Class X offender from 6 to 30 years' imprisonment with no possibility of probation or conditional discharge. After hearing a factual basis, the court accepted defendant's plea of guilty.

At defendant's sentencing hearing, on February 15, 1995, the State introduced a certified copy of a judgment of conviction showing that on April 20, 1990, defendant was convicted of third-degree kidnapping in the State of Iowa and sentenced to a term of imprisonment of not more than 10 years. The offense of third-degree kidnapping is a Class C felony under Iowa law. The State introduced the conviction in support of its argument that defendant was eligible for an extended term of imprisonment. Defendant did not object.

As a part of his sentence, defendant agreed to pay $7,344.14 restitution, for the burglary to which he pled guilty as well as other burglaries that were not charged.

The State called Steve Prather, a Centralia police officer, to testify that when he arrested defendant, defendant admitted that he participated in a total of four burglaries, including the one charged in this case. Defendant did not object to this testimony.

Defendant testified in his own behalf that he was incarcerated in Iowa and that, shortly before he was arrested for this burglary, he walked away from a work release center. Defendant testified that out of the 12 years before the sentencing hearing, he spent eight in prison.

Before sentencing defendant, the trial court compared the Iowa kidnapping statutes to Illinois' kidnapping statutes. The court found that the Iowa charge, which carries an indeterminate sentence of not more than 10 years' imprisonment, is similar to a Class 2 felony in Illinois, which carries a possible three- to seven-year term of imprisonment, or even a Class 1 felony, which carries a possible 4- to 15-year term of imprisonment. Based upon its review of the Illinois and Iowa statutes, the court found that defendant was a candidate for an extended-term sentence based upon the Iowa conviction. The court ruled that defendant's prior Illinois convictions for residential burglary could not be used to enhance defendant's sentence because the State did not introduce sufficient evidence from which the court could determine when defendant was in or out of custody. The court sentenced defendant to an extended term of 10 years' imprisonment pursuant to section 5—5—3.2(b)(1) of the Code (730 ILCS 5/5—5—3.2(b)(1) (West 1992)), based upon defendant's prior Iowa conviction.

Following its pronouncement of sentence, the court admonished defendant as follows:

"THE COURT: Mr. Cavins, you *** have received a sentence pursuant to your open plea of guilty to the charge of burglary. You have certain appeal rights in this case. However, before you can [appeal], you must first, within the next 30 days from today's date, file a Motion to Withdraw your Plea of Guilty ***. You must set forth in your Motion to Withdraw Plea of Guilty, have your sentence vacated, any error, claimed error that you believe has been committed by this Court. Any error or claimed error that you do not set forth in that motion, the Appellate Court may find, if you take a later appeal, that you have waived or given up those issues ***."

On June 29, 1995, defendant's attorney filed a certificate of compliance under Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) and an amended motion to reconsider sentence. The grounds alleged in the amended motion to reconsider are that the court erred in imposing an extended term based upon the Iowa conviction and that defendant was not eligible for an extended term because he was not admonished of such eligibility at the time he entered his guilty plea.

At the hearing on the motion to reconsider, defendant's attorney argued: "[W]e are not specifically alleging this is an involuntary plea. We are not asking that the plea be vacated."

The trial court denied the motion for reconsideration, stating that defendant had been advised that he could receive from 6 to 30 years' imprisonment when he entered his guilty plea and that was sufficient to comply with Supreme Court Rule 402. 134 Ill. 2d R. 402. Defendant filed a timely appeal from the denial of his motion to reconsider sentence.

## II. ANALYSIS

### A. EXTENDED-TERM SENTENCE

Defendant argues that he was not eligible to receive an extended-term sentence of imprisonment, as he was not advised of this possibility at the time he entered his plea of guilty or at any time prior to sentencing. The crux of defendant's argument is that even though he was told that he could be sentenced to a range of 6 to 30 years' imprisonment, even though he entered into an agreement with the State by which the State agreed not to press charges for other crimes, and even though he was actually sentenced to 10 years' imprisonment, which is 20 years less than the maximum he was advised he could receive, the extended-term portion of his sentence is void because he was not advised that he could receive an extended term of 7 to 14 years' imprisonment.

Defendant bases his argument upon an earlier decision of this

court, *People v. Mapps*, 198 Ill. App. 3d 521 (1990). In *Mapps*, we affirmed a conviction entered against a defendant upon an open plea of guilty, but we modified the defendant's sentence, finding that the extended-term portion of the sentence was void, as it was in violation of the extended-term statute. *Mapps*, 198 Ill. App. 3d at 524; Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—2(b) (now 730 ILCS 5/5—8—2(b) (West 1992)). Section 5—8—2 provides that a judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by the felony-imprisonment sentencing statute unless the factors in aggravation of section 5—5—3.2 (730 ILCS 5/5—5—3.2 (West 1992)) are found to be present.

The trial court relied upon section 5—5—3.2(b)(1) in sentencing defendant to an extended term of imprisonment. That section provides:

"(b) The following factors may be considered by the court as reasons to impose an extended term sentence under Section 5—8—2 upon any offender:

(1) When a defendant is convicted of any felony, after having been previously convicted in Illinois or any other jurisdiction of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody, and such charges are separately brought and tried and arise out of a different series of acts." 730 ILCS 5/5—5—3.2(b)(1) (West 1992).

Section 5—8—2(b) of the Code provides as follows:

"If the conviction was by plea, it shall appear on the record that the plea was entered with the defendant's knowledge that a sentence under this Section was a possibility. If it does not so appear on the record, the defendant shall not be subject to such a sentence unless he is first given an opportunity to withdraw his plea without prejudice." 730 ILCS 5/5—8—2(b) (West 1992).

In *Mapps*, before the court accepted the defendant's guilty plea, it admonished the defendant that he was charged with a Class 4 felony and that he could be sentenced to one to three years' imprisonment, but the court did not inform defendant that he could receive an extended term. *Mapps*, 198 Ill. App. 3d at 523. Defendant was later sentenced to a five-year extended-term prison sentence based upon a prior burglary conviction. After sentencing, the defendant in *Mapps* filed a motion to withdraw his guilty plea, claiming that his sentence of five years' imprisonment should be vacated "because he was not informed that he was eligible for an extended-term sentence before his guilty plea was accepted." *Mapps*, 198 Ill. App. 3d at 523. On appeal, this court found the critical question to be whether the

defendant had an opportunity to withdraw his guilty plea prior to sentencing. We determined that if the defendant had an opportunity to withdraw his plea, the sentence would be proper under section 5—8—2(b), but if the defendant did not have such an opportunity, the extended portion of his sentence would be "void." *Mapps*, 198 Ill. App. 3d at 523.

■ Defendant in the instant case argues that the extended-term portion of his sentence is void, just as in *Mapps*, because he was not advised that he could be sentenced to an extended term of imprisonment prior to sentencing. We find that *Mapps* is distinguishable.

First, the defendant in *Mapps* was not told until his sentencing hearing that he could receive more than three years' imprisonment, and he was then sentenced to five years' imprisonment. In the case at bar, defendant's attorney stated at the guilty plea hearing that defendant would be sentenced to a range of 6 to 30 years' imprisonment, and defendant stated that he understood. Defendant was sentenced within that range, to 10 years' imprisonment, albeit under a different sentencing statute than contemplated at the guilty plea hearing. Evidently, at the time defendant entered his guilty plea, the parties believed that defendant would be sentenced as a Class X felon subject to a sentencing range of 6 to 30 years' imprisonment pursuant to section 5—5—3(c)(8) (730 ILCS 5/5—5—3(c)(8) (West 1992)) due to his prior Illinois convictions. At the sentencing hearing, the State presented evidence that defendant had a prior Iowa conviction, which defendant did not deny, and the court determined that because of the Iowa conviction defendant could be sentenced to an extended term of 7 to 14 years' imprisonment pursuant to section 5—5—3.2(b)(1).

We find it significant that defendant was advised, at the time he entered his guilty plea, that he was subject to the range of penalty within which he was ultimately sentenced. See *People v. Riegle*, 246 Ill. App. 3d 270 (1993) (a defendant is not prejudiced and his guilty plea is not invalidated when he is sentenced within the range of penalty stated to him at the time of his guilty plea, even if that range is found to be incorrect at the time he is sentenced); *People v. Felton*, 191 Ill. App. 3d 599 (1989) (same).

In *Riegle*, the defendant was told at the time he entered his guilty plea that he was subject to a range of 9 to 40 years' imprisonment, when it was actually 6 to 30 years' imprisonment. Since the defendant was sentenced within that range, to 14 years' imprisonment, ·the court found no prejudice and upheld the sentence and conviction. *Riegle*, 246 Ill. App. 3d at 275. In *Felton*, this court found that because the defendant's sentence was far less than what he was told he could receive, the failure to admonish him as to the maximum sentence he

could receive did not prejudice him, and we affirmed the conviction and sentence. *Felton*, 191 Ill. App. 3d at 602.

Defendant argues, however, that his case is controlled by section 5—8—2, and since that section was not strictly followed, the extended-term portion of his sentence is void under *Mapps*. Defendant points out that section 5—8—2 requires that "it shall appear on the record" that a defendant's guilty plea was entered with the defendant's knowledge that a sentence under that section is a possibility, and if it does not appear on the record, the defendant "shall not be subject to such a sentence unless he is first given an opportunity to withdraw his plea without prejudice." 730 ILCS 5/5—8—2(b) (West 1992). Defendant relies upon *Mapps* and contends that he must be specifically advised that he is subject to an extended term under section 5—8—2 at the time he enters his guilty plea, and if not, then the extended-term portion of his sentence is void unless he is given an opportunity to withdraw his plea prior to sentencing. We disagree that *Mapps* supports defendant's argument under the facts of this case.

*Mapps* is also distinguishable because the defendant in that case filed a motion to withdraw his guilty plea, which was denied by the trial court. In the case at bar, defendant did not file a motion to withdraw his guilty plea and specifically stated in the trial court and at the oral argument in this court that he does not wish to withdraw his guilty plea. Thus, under a strict construction of section 5—8—2, defendant is not entitled to relief from his sentence. Section 5—8—2 clearly contemplates that a defendant will not be subject to his sentence "*unless he is first given an opportunity to withdraw his plea without prejudice.*" (Emphasis added.) 730 ILCS 5/5—8—2(b) (West 1992).

In construing this or any other statute, the primary rule is to give effect to the legislative intent, and "where that intent can be ascertained from the language of the statute, it will be given effect without resorting to other aids for construction." *People v. Robinson*, 89 Ill. 2d 469, 475-76 (1982). Thus, under the clear words of section 5—8—2, a defendant must be given an opportunity to withdraw his plea if he is not admonished on the record that he was subject to extended-term sentencing. We hold that the converse is equally required under the statute and our holding in *Mapps*: a defendant will be subject to his sentence if he chooses not to withdraw his plea, at least if he does not establish the right to have his sentence reduced or modified under some other provision of the law.

■ We additionally hold that defendant has not complied with the statute because he filed only a motion to reconsider his sentence

without a motion to withdraw his guilty plea. Defendant wants to strictly construe section 5—8—2 in order to find the extended-term portion of his sentence void, but he wants to ignore the language clearly contemplating that a motion to withdraw a guilty plea should be filed before the provision is to be effective. He cannot have it both ways.

Accepting defendant's interpretation of this statute would lead to the unjust and anomalous result that defendant advocates. We are to interpret statutes in a manner that avoids unjust or absurd results. *Croissant v. Joliet Park District*, 141 Ill. 2d 449, 455 (1990). We find that it would be absurd and unjust to allow a defendant to enter into an agreement with the State whereby the State agrees to drop or not file charges, and hold the State to that bargain because defendant chose not to file a motion to withdraw his guilty plea, but vacate the extended portion of his sentence simply because he was advised, under a different statutory provision, that he could receive *more* time in prison than what he actually received. Such a result was surely not contemplated by the legislature when it drafted section 5—8—2, and it was certainly not contemplated by this court when we decided *Mapps*. However, to the extent that *Mapps* can be read to endorse such a result, we now specifically overrule that decision.

■ Defendant argues further that the court was required to give him the opportunity to withdraw his plea prior to sentencing. We disagree with the implication that defendant was somehow prevented from requesting to withdraw his guilty plea prior to sentencing. There is nothing in the record to show that defendant was in any way precluded from withdrawing his plea at any point in time. Additionally, we disagree with the implication that the court must take some affirmative action to "give" defendant the opportunity to withdraw the plea. Clearly, it is defendant's burden to withdraw his plea if he so chooses, and the court is required to do nothing other than refrain from preventing him from requesting to withdraw his plea. Having said that, we find that the record in this case is clear— defendant was correctly advised during his sentencing hearing that he had the right to move to withdraw his guilty plea, which is sufficient to comply with section 5—8—2's requirement that a defendant be "given an opportunity to withdraw his plea without prejudice." 730 ILCS 5/5—8—2(b) (West 1992).

■ As to the language in *Mapps* to the effect that a defendant must be given the opportunity to withdraw his guilty plea "prior to sentencing" (*Mapps*, 198 Ill. App. 3d at 523), we hold that allowing a defendant to file a motion to withdraw his guilty plea within 30 days after sentencing is sufficient, as a defendant who pleads guilty is not

finally "subject to such a sentence" until his appeal rights are terminated. See 730 ILCS 5/5—8—2(b) (West 1992); see also 145 Ill. 2d R. 604(d) (the trial court shall modify a sentence if a defendant's motion to reconsider is granted or vacate the judgment of guilty if his motion to withdraw his guilty plea is granted). Therefore, if a defendant is given a hearing on a timely filed motion to withdraw his guilty plea, then he has been afforded sufficient opportunity to withdraw his guilty plea.

Nevertheless, we wish to make the rule crystal clear: a defendant is not entitled to vacate the extended-term portion of his sentence of imprisonment solely based upon the claim that the court did not use the words "extended term" or recite the section number of the extended-term statute to defendant at the time he entered his guilty plea, so long as he is not precluded from requesting to withdraw his guilty plea within the 30-day period after the sentencing hearing.

■ Although defendant's sentence is not void under *Mapps*, our analysis cannot end here. Defendant filed a timely motion to reconsider his sentence, which requires us to decide the merits of that motion. Where a defendant enters a guilty plea without a negotiated sentence, the defendant is entitled to challenge only his sentence, without withdrawing his guilty plea. *People v. Wilk*, 124 Ill. 2d 93, 109-10 (1988); see also *People v. Wilson*, 286 Ill. App. 3d 169 (1997) (the Second District Appellate Court held that a defendant who enters a negotiated guilty plea, which includes a sentence cap, may still challenge only his sentence without filing a motion to withdraw his guilty plea, because the trial court exercises its discretion in sentencing defendant, albeit within the range of the agreed-to sentence cap).

## B. CONSTITUTIONALITY OF STATUTE

■ Defendant next argues that section 5—5—3.2(b)(1) is unconstitutionally vague because it is not clear what constitutes a similar class felony in another jurisdiction to trigger the extended-term sentence under section 5—5—3.2(b)(1). Defendant reasons that because the term "similar class felony" is not defined, the statute is void for vagueness, "since other jurisdictions have different classification schemes [and] different sentencing schemes and their offenses often contain different elements than similarly labeled offenses in Illinois." Defendant did not raise this issue below, and, therefore, it is technically waived on review. *People v. Stice*, 160 Ill. App. 3d 132, 137 (1987). Nevertheless, in the interest of judicial economy, since defendant might raise this issue in a postconviction petition, we choose to decide the merits of defendant's constitutional claim. See *Wilk*, 124 Ill. 2d at 107; *People v. Good*, 68 Ill. App. 3d 333 (1979).

In 1981, this court decided *People v. Bowman*, 96 Ill. App. 3d 136 (1981), wherein we held that the former version of section 5—5—3.2(b)(1) was constitutional. The version of the statute in effect at that time allowed a defendant to be sentenced to an extended term if he had been convicted in Illinois within the previous 10 years of "the same or greater class felony." Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(1). Defendant challenges the current version of the statute, which allows an extended term to be imposed not only for the same or greater class felony from Illinois, but also for a similar class felony from another jurisdiction.

Defendant's argument relies upon the following language from *Bowman*:

> "Because of the distinct and comprehensive scheme of classification of felonies in Illinois [citation], the extended term of imprisonment provision is susceptible of uniform application. However, in other States, offenses are either classified differently or not at all, and offenses with similar or identical names often consist of different elements. Thus, it would be impossible to ascertain whether a particular felony in another State was of the *same or greater class* as the felony for which a defendant is being sentenced in Illinois." (Emphasis added.) *Bowman*, 96 Ill. App. 3d at 147-48.

We find defendant's reliance upon *Bowman* misplaced. In that case, we concluded that the extended-term provision in existence at that time was constitutional in its application to persons with prior Illinois convictions and did not violate their rights to equal protection. *Bowman*, 96 Ill. App. 3d at 148. Defendant's argument that the current version of that statute is unconstitutionally vague deals with language not contained in the former version considered in *Bowman*, and defendant asks this court to decide whether the statute as applied to him violates the federal and Illinois due process clauses (U.S. Const. amend. XIV; Ill. Const. 1970, art. I, § 2), which is a separate and distinct analysis from the equal protection issue decided in *Bowman*.

Where, as here, a defendant challenges a statute on vagueness grounds but does not claim that his first amendment (U.S. Const., amend. I) freedoms were violated, the unique facts of that particular case control the outcome. *People v. Jihan*, 127 Ill. 2d 379, 385 (1989). Defendant must show that the statute was vague as applied to him in that he did not have clear notice that his conduct would subject him to the application of the extended-term sentencing statute. *Jihan*, 127 Ill. 2d at 385. In doing so, defendant's burden is to show that the statute is vague as applied to him under an objective standard whereby a person of ordinary intelligence is denied a reasonable op-

portunity to know what prior convictions will trigger the application of the extended-term sentencing statute. *Jihan*, 127 Ill. 2d at 385.

Defendant completely fails to show how this statute is unconstitutionally vague as applied to him, absent his mistaken reliance upon *Bowman*. The trial court found that the 10-year indeterminate prison sentence for the Iowa kidnapping charge was at least as severe a punishment as that available for a Class 2 felony in Illinois, three to seven years' imprisonment. We find the trial court's interpretation of the "similar class felony" provision of section 5—5—3.2(b)(1) reasonable as applied to defendant's situation.

## C. IOWA CONVICTION AS A SIMILAR CLASS FELONY

■ Defendant next argues that the trial court erred in imposing an extended-term sentence based upon his prior Iowa conviction, because that conviction does not constitute a "similar class felony or greater class felony" in order to trigger the application of section 5—5—3.2(b)(1). Defendant relies exclusively upon our earlier decision in *Bowman* and our statement that it would be impossible to determine if a conviction from another state constituted the "same or greater class felony." *Bowman*, 96 Ill. App. 3d at 148. Again, defendant's reliance is misplaced because the trial court in this case did not have to decide whether the Iowa conviction amounted to the same or greater class felony as his Illinois burglary conviction. The court in this case was asked to decide if the Iowa conviction was a "similar class felony." The court made that determination after comparing the relevant statutes from Illinois and Iowa and after considering both parties' arguments.

The trial court is vested with broad authority to craft and impose an appropriate sentence. *People v. Britt*, 265 Ill. App. 3d 129, 151 (1994). The court's discretion in this regard extends to all sentencing decisions, including whether to sentence a defendant to an extended term under section 5—5—3.2. *People v. Coleman*, 166 Ill. 2d 247 (1995). A court of review is not to reverse the sentencing judge's decision unless she abused her discretion. *Britt*, 265 Ill. App. 3d at 151.

At the sentencing hearing, defendant's Iowa conviction was made part of defendant's presentence investigation without any objection from defendant. After comparing the relevant statutory provisions, the court determined that the Iowa conviction was at least similar to defendant's current Class 2 felony conviction for burglary, and we cannot say that in doing so the court abused its discretion.

## D. EVIDENCE CONSIDERED IN AGGRAVATION AT SENTENCING HEARING

■ Defendant finally argues that the trial court improperly

considered Officer Prather's sentencing hearing testimony that defendant admitted his involvement in other burglaries. Defendant did not object to this evidence at his sentencing hearing and did not allege this issue in any postsentencing motion. Therefore, defendant has waived this issue on appeal. *People v. Hope*, 168 Ill. 2d 1 (1995); *People v. Williams*, 149 Ill. 2d 467 (1992).

## III. CONCLUSION

For all the reasons stated, we affirm the trial court's denial of defendant's motion to reconsider sentence, and we affirm the judgment of the circuit court.

Affirmed.

CHAPMAN and GOLDENHERSH, JJ., concur.