NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2019 IL App (4th) 190066-U

NOS. 4-19-0066, 4-19-0067 cons.

FILED
December 12, 2019
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| DENNIE D. BUTLER, | ) | Nos. 18CF16 |
| Defendant-Appellant. | ) | 18CF175 |
| | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Presiding Justice Holder White and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not abuse its discretion in sentencing defendant, and
             defendant is not entitled to the remedy he seeks for the circuit court's improper
             admonishment.

¶ 2    In January 2018, the State charged defendant, Dennie D. Butler, by information

with one count of aggravated driving under the influence (DUI) (625 ILCS 5/11-501(d)(1)(G)

(West 2018)) in Livingston County case No. 18-CF-16. At a March 2018 hearing, defendant

pleaded guilty to the charge, and the Livingston County circuit court sentenced him to 24

months' probation. In June 2018, the State charged defendant by information with one count of

domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2018)) and one count of aggravated assault

(720 ILCS 5/12-2(b)(6) (West 2018)) in Livingston County case No. 18-CF-175. The State also

filed a petition to revoke defendant's probation in case No. 18-CF-16 based on (1) the new

charges in case No. 18-CF-175 and (2) defendant's knowing consumption of alcohol. At an October 2018 hearing, defendant pleaded guilty to the two charges in case No. 18-CF-175 and admitted the probation violation in case No. 18-CF-16. After a December 2018 hearing, the court resentenced defendant to a prison term of three years and six months for aggravated DUI to run concurrent to a sentence of three years and six months in prison for domestic battery. Defendant filed a motion to reconsider his sentences, which the court denied in January 2019.

¶ 3        Defendant appeals, contending the circuit court erred by (1) considering a statutory mitigating factor as aggravating evidence to increase defendant's sentences, (2) failing to consider defendant's rehabilitative potential, and (3) failing to admonish defendant he was eligible for an extended-term sentence for aggravated DUI before accepting his admission to the State's petition to revoke his probation. We affirm.

¶ 4                                I. BACKGROUND

¶ 5        The State's aggravated DUI charge was based on defendant's actions on January 17, 2018. The charging document noted the charge was a Class 4 felony (see 625 ILCS 5/11-501(d)(2)(A) (West 2018)) and, if convicted, defendant could be sentenced to an extended term of up to six years' imprisonment under sections 5-8-2(a) and 5-4.5-45(a) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-8-2(a), 5-4.5-45(a) (West 2018)). Defendant's criminal history made him extended-term eligible under section 5-5-3.2(b)(1) of the Unified Code (730 ILCS 5/5-5-3.2(b)(1) (West 2016)).

¶ 6        Defendant and the State entered into a plea agreement, under which defendant would plead guilty to the aggravated DUI charge and a misdemeanor charge of driving while license revoked in a different case (People v. Butler, No. 18-TR-139 (Cir. Ct. Livingston County)). The State agreed to dismiss defendant's improper lane usage in another case (People

v. Butler, No. 18-TR-140 (Cir. Ct. Livingston County)) and to recommend a sentence of 24 months' probation for aggravated DUI.

¶ 7        On March 26, 2018, the circuit court held a plea hearing. Before accepting defendant's guilty plea, the court informed him the maximum sentence for aggravated DUI was six years' imprisonment. Defendant pleaded guilty under the terms of the plea agreement, and the court accepted defendant's plea and sentenced defendant to 24 months' probation. The probation order contained numerous conditions, including prohibiting defendant from using or possessing alcohol and violating any criminal statute. The court entered a judgment of conviction for the misdemeanor charge of driving while license revoked.

¶ 8        In June 2018, the State filed a petition to revoke defendant's probation because he knowingly consumed alcohol and committed the offenses in case No. 18-CF-175. Thereafter, the circuit court held joint proceedings on the petition to revoke and the charges in case No. 18-CF-175.

¶ 9                              B. Case No. 18-CF-175

¶ 10        The June 2018 charges of domestic battery and aggravated assault related to defendant's actions on June 16, 2018. The charging document noted the domestic battery charge was a Class 4 felony (see 720 ILCS 5/12-3.2(b) (West 2018)), and it again stated defendant's eligibility for an extended-term sentence of up to six years' imprisonment. See 730 ILCS 5/5-5-3.2(b)(1) (West 2016); 730 ILCS 5/5-8-2(a), 5-4.5-45(a) (West 2018)).

¶ 11                              C. Joint Proceedings

¶ 12        On October 15, 2018, the circuit court held a hearing at which defendant pleaded guilty to domestic battery and aggravated assault and defendant admitted the allegations in the State's petition to revoke his probation. In admonishing defendant, the court stated the following

about the sentencing range for the felonies:

> "On the felony charges—those are both Class 4 felonies—you are facing a minimum of probation or conditional discharge. That can run up to 30 months and include up to six months in the Livingston County Jail. As a maximum, you face a term in the Illinois Department of Corrections. On the ag[gravated] DUI, I believe the maximum is three years. That range is one to three years plus a one year mandatory supervisory [*sic*] release period.
>
> On the domestic battery, the maximum is six years. The range is one to six years plus a four year mandatory supervisory release period, and then the maximum fine is $25,000 on the felony charges."

The court accepted defendant's guilty plea and admission to the petition to revoke probation and set the cause for a sentencing hearing.

¶ 13        In December 2018, the circuit court held defendant's sentencing hearing. In explaining its sentence, the court first noted defendant's prior record was "a very strong aggravating factor." It also found deterrence was an aggravating factor. The court then discussed the mitigating factor of likely to comply with probation. The court stated the following:

> "I don't think that factor exists here. You can go through the motions, but that's not what we're looking for with people on probation. We're looking for people that are going to genuinely make positive changes to their lives and be successful members of the community. I don't see that on your part. I see somebody that's going to do what they want when they want to do it and under what circumstances; and if somebody gets in your way, you are going to take care of it.
>
> So I don't think you are likely to comply with probation. The best way I

know that is because you didn't. You didn't come close. It's actually fairly, well, I guess I would really say uncommon. The majority of times when somebody is on felony probation and they violate, they are called technical violations. They don't commit a new felony. They might commit a new misdemeanor offense or they might do some technical violation such as drinking, but they don't go committing a new felony offense. So, I mean, that to me demonstrates a very serious aggravation in regards to your prior record. And you're not, you are just not doing what it takes to be a productive member of society."

Regarding other mitigating factors, the court stated defendant's conduct did not cause serious harm but the potential was there based on how he handled the situation. The court also voiced concern defendant was not really accepting complete responsibility for the situation getting out of control and leading to the domestic battery. Given the strong aggravating factors and minimal mitigating factors, the court found a prison sentence was warranted. The court then resentenced defendant to a prison term of three years and six months for aggravated DUI to run concurrent with his sentence of three years and six months' imprisonment for domestic battery. The court entered a judgment of conviction for aggravated assault.

¶ 14        Defendant filed a timely motion for reconsideration of his sentences. Defendant argued his sentences were unduly harsh given he displayed remorse, his conduct did not cause or threaten serious physical harm, and his imprisonment would be an excessive hardship on his children. He also asserted the court's sentences were excessive given the nature of the offenses and did not consider the objective of restoring the offender to useful citizenship. After a January 25, 2019, hearing, the circuit court denied defendant's motion to reconsider his sentences.

¶ 15        On January 28, 2019, defendant filed timely notices of appeal in both cases in

compliance with Illinois Supreme Court Rule 606 (eff. July 1, 2017). Both notices of appeal listed the appealed judgment as the sentence and the denial of the motion to reconsider sentence. On February 11, 2019, defendant filed timely amended notices of appeal, which listed his convictions, sentences, and denial of his motion to reconsider sentence. See Ill. S. Ct. Rs. 303(b)(5), 606(d) (eff. July 1, 2017). Accordingly, this court has jurisdiction of defendant's appeal under Illinois Supreme Court Rules 604(b) and 604(d) (eff. July 1, 2017).

¶ 16        On appeal, we docketed defendant's appeal in case No. 18-CF-175 as case No. 4-19-0066 and his appeal in case No. 18-CF-16 as case No. 4-19-0067. In July 2019, we granted defendant's motion to consolidate the two cases on appeal.

¶ 17                                  II. ANALYSIS

¶ 18                            A. Sentencing Factors

¶ 19        Defendant argues this court should reduce his sentences because the circuit court erred by sentencing him to extended-term sentences for both aggravated DUI and domestic battery. Specifically, he contends the court considered a statutory mitigating factor as aggravating evidence and failed to consider defendant's rehabilitative potential. The State contends the court properly considered the mitigating and aggravating factors. This court may not alter a defendant's sentence absent an abuse of discretion by the circuit court. *People v. Alexander*, 239 Ill. 2d 205, 212, 940 N.E.2d 1062, 1066 (2010). Our supreme court has held "[a] sentence will be deemed an abuse of discretion where the sentence is 'greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense.' " *Alexander*, 239 Ill. 2d at 212, 940 N.E.2d at 1066 (quoting *People v. Stacey*, 193 Ill. 2d 203, 210, 737 N.E.2d 626, 629 (2000)).

¶ 20        A circuit court has broad discretionary powers in imposing a defendant's

sentence, and this court gives great deference to the circuit court's sentencing decision. *Alexander*, 239 Ill. 2d at 212, 940 N.E.2d at 1066. We give such deference because the circuit court observed the defendant and the proceedings and thus had a far better opportunity to consider the relevant factors than this court, which relies on the cold record. *Alexander*, 239 Ill. 2d at 212-13, 940 N.E.2d at 1066. Specifically, the circuit court " 'has the opportunity to weigh such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age.' " *Alexander*, 239 Ill. 2d at 213, 940 N.E.2d at 1066 (quoting *Stacey*, 193 Ill. 2d at 209, 737 N.E.2d at 629). Accordingly, this court will not substitute its judgment for the circuit court's merely because we would have weighed the factors differently. *Alexander*, 239 Ill. 2d at 213, 940 N.E.2d at 1066.

¶ 21        One of the statutory mitigating factors for sentencing is "[t]he defendant is particularly likely to comply with the terms of a period of probation." 730 ILCS 5/5-5-3.1(10) (West 2018). The circuit court found it did not apply to defendant. The court noted defendant's prior probation term indicated "he could go through the motions," but it was looking for people who could "genuinely make positive changes to their lives and be successful members of the community." The court also found defendant did not even come close to completing his original sentence of 24 months' probation for aggravated DUI. We note defendant violated his probation for aggravated DUI by committing another felony less than three months after his probation sentence. Defendant contends the court discounted his positive attitude and respectful demeanor when meeting with his probation officer. We disagree. The court properly balanced defendant's positive and negative behaviors during his short period of probation in determining defendant was not likely to comply with a probation term.

¶ 22        Defendant also contends the circuit court failed to consider his potential for

rehabilitation. Defendant points out several facts in his presentence investigation report indicating he had rehabilitative potential, such as his church attendance, his interest in going back to college, and his statement the most important thing to him was raising his child. An examination of the transcript of the sentencing hearing indicates the circuit court did review defendant's presentence investigation report. Here, the court found several strong aggravating factors, including defendant's criminal history, the need for deterrence, and the fact he was on probation when he committed the domestic battery. It is also noted minimal mitigating factors did exist. Despite the strong aggravating factors and minimal mitigating factors, the court sentenced defendant to prison terms that were in the middle of the sentencing range. Thus, we find the circuit court did consider defendant's rehabilitative potential in sentencing defendant.

¶ 23        Accordingly, we find the circuit court did not abuse its discretion in sentencing defendant.

¶ 24                                B. Admonishment

¶ 25        Defendant also argues the circuit court failed to admonish him of his eligibility for extended-term sentencing before he admitted he violated his probation for aggravated DUI. Defendant recognizes he has forfeited this issue for appellate review by failing to raise it in his motion to reconsider sentence. Thus, he requests we review this issue under the plain-error doctrine (Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967)).

¶ 26        The plain-error doctrine permits a reviewing court to consider unpreserved error under the following two scenarios:

> "(1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and

that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Sargent*, 239 Ill. 2d 166, 189, 940 N.E.2d 1045, 1058 (2010).

¶ 27 We begin our plain-error analysis by first determining whether any error occurred at all. *Sargent*, 239 Ill. 2d at 189, 940 N.E.2d at 1059. If error did occur, this court then considers whether either of the two prongs of the plain-error doctrine has been satisfied. *Sargent*, 239 Ill. 2d at 189-90, 940 N.E.2d at 1059. Under both prongs, the defendant bears the burden of persuasion. *Sargent*, 239 Ill. 2d at 190, 940 N.E.2d at 1059.

¶ 28 Illinois Supreme Court Rule 402A(a)(6) (eff. Nov. 1, 2003) requires the circuit court to admonish the defendant of "the sentencing range for the underlying offense for which the defendant is on probation ***." The State acknowledges the circuit court "misspoke" when it described the sentencing range for aggravated DUI. However, it contends the court substantially complied with the admonishment requirement because it properly admonished defendant about the sentencing range for domestic battery. Defendant disagrees and contends he has established the second prong of the plain-error doctrine.

¶ 29 At the October 2018 hearing, the circuit court first informed defendant the minimum sentences for both Class 4 felonies, aggravated DUI and domestic battery, was probation or conditional discharge. The court then separately stated the maximum sentence for both felonies, starting with aggravated DUI. The court told defendant the maximum sentence for aggravated DUI was three years. However, defendant was subject to an extended-term sentence of up to six years. See 730 ILCS 5/5-5-3.2(b)(1) (West 2016); 730 ILCS 5/5-8-2(a), 5-4.5-45(a) (West 2018)). The court then correctly informed defendant the maximum sentence for domestic battery was six years. Given the court clearly separated the two crimes for the maximum sentence, we

disagree with the State the court's correct admonishment regarding domestic battery cured the incorrect admonishment for aggravated DUI.

¶ 30　　　　In support of his argument the improper admonishment satisfies the second prong of the plain-error doctrine, defendant cites *People v. Davis*, 145 Ill. 2d 240, 250, 582 N.E.2d 714, 719 (1991), where the supreme court recognized it was possible the failure to give a defendant the admonishments required by Illinois Supreme Court Rule 402 (eff. Feb. 1, 1981) can amount to plain error. We need not decide whether the admonishment error is plain error because the remedy defendant requests is not available to him.

¶ 31　　　　Defendant contends the proper remedy for the court's error is to reduce his sentence to three years, the maximum sentence for which he was admonished. In support of his argument, he cites *People v. Taylor*, 368 Ill. App. 3d 703, 859 N.E.2d 20 (2006). We disagree with defendant *Taylor* establishes an alternative to the general remedy of allowing the defendant to withdraw his admission to the probation violation (see *People v. Saleh*, 2013 IL App (1st) 121195, ¶ 19, 995 N.E.2d 375).

¶ 32　　　　In *Taylor*, 368 Ill. App. 3d at 706, 859 N.E.2d at 23, the circuit court imposed two concurrent, extended-term sentences after the revocation of the defendant's probation. However, the record did not demonstrate defendant knew he was eligible for an extended-term sentence when he *pleaded guilty* to the charge. *Taylor*, 368 Ill. App. 3d at 709, 859 N.E.2d at 26. Thus, the reviewing court held the proper remedy was to vacate the extended-term sentence so the defendant may be sentenced in accordance with the admonishments he received before he *pleaded guilty*. *Taylor*, 368 Ill. App. 3d at 708, 859 N.E.2d at 25. The court then reduced the defendant's concurrent sentences to the maximum nonextended terms utilizing its authority under Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967). *Taylor*, 368 Ill. App. 3d at 709, 859 N.E.2d at

- 10 -

26. In reaching the above remedy, the court explained a defendant's usual remedy for an improper admonishment was to allow the defendant to withdraw his guilty plea, which was unavailable during probation revocation proceedings. *Taylor*, 368 Ill. App. 3d at 707-08, 859 N.E.2d at 25.

¶ 33 In this case, the circuit court correctly admonished defendant about his eligibility for an extended-term sentence at his guilty plea hearing. Thus, defendant is not in the unique situation as was the defendant in *Taylor*. The only remedy available to defendant is to allow him to withdraw his admission to the probation violation. Defendant's briefs suggest he does not want to withdraw his admission. Since defendant does not want the only remedy that is available to him, we affirm his extended-term sentence for aggravated DUI.

¶ 34 III. CONCLUSION

¶ 35 For the reasons stated, we affirm the Livingston County circuit court's judgment.

¶ 36 Affirmed.